## GRAY V. EARL *et al.*

1. PLEADINGS AND EVIDENCE IN REPLEVIN. Under the Code of 1851, evidence showing that the title of the plaintiff in an action of replevin, to the property in controversy, was acquired through a fraudulent sale, was inadmissible when no allegation of fraud was set out in the pleadings.

2. SALE OF PERSONAL PROPERTY. After a complete sale of personal property, the rights of the vendee cannot be prejudiced by the acts of the vendor, when committed without the knowledge or consent of such vendee.

*Appeal from Wapello District Court.*

FRIDAY, APRIL 18.

THE facts are stated in the opinion of the court.

*C. C. Nourse* and *S. W. Summers* for the appellant.

Under the general allegation that " the plaintiff is entitled to the present possession of the property," he may prove any state of facts which shows a right to the possession; and when the right of plaintiff to the possession is denied by a general denial, the defendant may prove any state of facts which shows that the plaintiff is not entitled to the present possession of the property. *Oaks* v. *Wyatt*, 10 Ohio, 344.

Constructive delivery is an act expressing the intention of the vendor to surrender the goods sold. Story Sales, § 311.

*Hendershott & Burton* for the appellee.

The question of fraud formed no part of the issue joined, and was not before the jury. 1 Chit. Pl., 221; 1 Greenl. Ev., §§ 34, 35, 80. In replevin, fraud cannot be put in issue by a mere denial of the allegations of a pleading in which it is not set out. The fraud must be specially pleaded. *Walters* v. *The Washington Insurance Company*, 1 Iowa,

Gray v. Earl.

404; *Hagan* v. *Burch,* 8 Id., 404; *Hutchinson* v. *Sangster,* 4 G. Greene, 340; *Bowen & King* v. *Hall,* 4 Iowa, 430; *Dyson* v. *Ream,* 9 Id., 51; *Moss* v. *Riddle & Co.,* 5 Cranch, 351; *Clark* v. *Partridge,* 2 Barr, 13; *Ely* v. *Ehle,* 3 Com., 511; *Manfield* v. *Watson,* 2 Iowa, 111; *Cheuvette* v. *Mason,* 4 G. Greene, 231; *Brink* v. *Morton,* 2 Id., 422.

The rights of the vendor could not be prejudiced by the trespasses of the vendee. *Ford* v. *Williams,* 3 Kern., 577.

BALDWIN, C. J. — Action of replevin. The property in controvesy was the undivided two-thirds of sixty-two acres of corn, standing in the field of one Wykoff. The plaintiff claims the title thereto, through one Brokaugh, who, as the tenant of Wykoff, raised the same. Earl justifies his possession of the corn by virtue of a levy of a writ of execution in his favor and against Brokaugh, by his co-defendant, as constable. Judgment for plaintiff, defendant appeals.

The plaintiff does not, in his petition, state the facts constituting his right to the possession of the property, whether by purchase or otherwise. The plaintiff, in his petition, merely alleges that he is entitled to the present possession of said property, and that the defendants wrongfully detain the same. The answer takes issue upon these averments, and sets up defendants' rights thereto, by virtue of the levy. The court, at the request of plaintiff, gave to the jury the following instruction, viz.: "Fraud not having been set up by the defendants in their pleadings, as affecting the purchase of said corn by plaintiff, or otherwise, the jury are not to consider that matter, it forming no part of the issue they are sworn to try." The giving of this instruction is the first and the principal error upon which the counsel of appellant seems to rely for a reversal. The question presented by this instruction, is, whether, under the law as then in force, the defendant; under an issue made by a mere denial as to the right of

possession, could introduce evidence, and claim that the plaintiff had acquired his right to the possession by fraud.

The position of the counsel for appellant is, that under the law in relation to the action of replevin, in force when this suit was instituted, the plaintiff in replevin was not required, and in this case did not state, the manner in which he acquired his right to the possession of the property; or, in other words, there was no allegation of possession by purchase, and that defendant could not set up in his answer that plaintiff acquired his title by fraud, until it was averred that plaintiff had come into the possession of the property by purchase. Under the law as now in force this difficulty appears to be obviated, as in such actions the plaintiff is required to state in his petition the facts constituting his right to the present possession. If by purchase, it must be so stated, and the defendant can raise the issue of fraud, by specially pleading the same. We are, however, inclined to the opinion that under the law regulating the action of replevin, as embodied in the Code of 1851, the plaintiff not being required to set out the facts constituting his right to the possession of the property, that the defendant, before he could attack the plaintiff's right of possession, for the reason that it was obtained through fraud, must cause such fraud to be specially pleaded. Such seems to be the spirit and design of our statute in reference to pleadings. It has been held by this court that the defense relied upon must be pleaded. *Dyson* v. *Ream*, 9th Iowa, 57. Fraud consists in the intention, and that intention is a fact which must be averred in a plea of fraud. *Moss* v. *Riddle*, 5 Cranch, 351. Fraud must be distinctly averred in the proceedings. An averment of facts from which the jury may infer fraud, is not sufficient. *Clark* v. *Partridge*, 2 Barr, 13. The reason of the rule applies as forcibly in replevin as in trespass: it being necessary to prevent surprise, and to enable the

parties to go to trial upon equal terms with respect to evidence, and proof of facts. *Ely* v. *Ehle*, 3 Com., 511.

The next error assigned, is the giving of the following instruction: "The rights of plaintiff to said corn cannot be affected by the fact, if the jury should so find that Brokaugh, without the knowledge or consent of plaintiff, did take corn from said field, to Agency, or Ottumwa. The court had already instructed the jury, " that an actual sale of the corn, part payment, a delivery or control given to plaintiff, before the levy made on the execution," was necessary before plaintiff's right of possession was complete. If the jury found to be true that these things had been done, the property was rightfully in the possession of plaintiff, and the acts of the vendor without the knowledge of the vendee could not prejudice his rights.

The giving of other instructions by the court on its own motion, and the refusal of those asked by defendants, is assigned as error. The instruction given by the court on its own motion, as we conceive, properly states the law of the case to the jury, and without the evidence, we are not able to say that the court erred in refusing those asked by appellant.

Affirmed.