## JENKINS and others vs. STEANKA.

In trover, trespass or replevin, before the code, it was not necessary for the defendant to deny the value or the damages alleged in the complaint; and the code has not altered the practice in this respect.

A plaintiff in replevin who has obtained possession of the property under the statute, and against whom the defendant seeks judgment for a return of it, or the value in case a return cannot be had, may show that the value is less than that alleged in the complaint, although the answer does not deny such alleged value.

In replevin for lumber, the plaintiff may show the quality of the lumber in dispute as a means of showing its value. And where the question was whether the particular lumber claimed had been sawed from plaintiff's logs (which were cut some distance *above* F.) or from other logs cut *at* or *near* F., and evidence had been given showing that logs cut above F. were of a different quality from those cut at or near F., evidence of the quality of the lumber in dispute was admissible as bearing upon the question of ownership.

Where one wilfully or indiscriminately intermixes his own lumber with that of another person so that they cannot be distinguished, the two lots so mixed being of different qualities or values, the injured party is entitled to replevy the whole.

ERROR to the Circuit Court for *Winnebago* County.

The action below was by *Jenkins and others* against *Steanka*, to recover possession of certain lumber, or the value thereof (alleged to be $400), with damages for the detention. The plaintiffs obtained possession under the statute. *Steanka* was

master of a sloop in which the lumber was found when seized by the sheriff; and claimed by his answer that the title to the lumber was in one Wright (for whom he was carrying the same on said sloop), subject to a lien for freight in favor of the owner of said sloop, and that said defendant, at the time of such seizure, was entitled to the possession as agent of said owner.

The jury found that defendant had the right of possession at the commencement of the action; that Wright owned the lumber; and that the value was $360; and nominal damages. Judgment accordingly; and plaintiffs sued out their writ of error.

*Earl P. Finch*, for plaintiffs in error, to the point that they were not bound by the allegation of value in the complaint, cited 2 Burrill's Pr., 13, 20, 21; *Wallace v. Hilliard*, 7 Wis., 629; 6 Hill, 424; Morris on Replevin, 154–55; Van Santv. Pl. (2d ed.), 762; 4 Sandf., 668; *Fry v. Bennett*, 5 id., 64. To the point that if Wright had wrongfully intermixed plaintiffs' lumber with his own, and so that they could not be distinguished, plaintiffs were entitled to the whole, he cited *Wingate v. Smith*, 20 Me., 287; *Magee v. Siggerson*, 4 Blackf., 70; 6 Hill, 427, note; 11 Met., 493; 20 Me., 288; 30 id., 237; 2 Kent's Comm., 452–3; *Hyde v. Cookson*, 21 Barb., 105; *Brown v. Sax*, 7 Cow., 95; *Baker v. Wheeler*, 8 Wend., 505; *Rightmyer v. Raymond*, 12 id., 51; *Martin v. Porter*, 5 M. & W., 352; *Wild v. Hold*, 9 id., 672.

*H. B. Jackson*, for defendant in error.

*By the Court*, DOWNER, J. This is an action to recover forty thousand feet of pine lumber, alleged in the complaint to be wrongfully detained by the defendant, and of the value of $400. The value is not denied by the answer. At the trial, the plaintiffs offered to prove the value less than $400; but the circuit court refused to permit the evidence to be given, holding that the pleadings fixed and were conclusive as to the

amount of the value. In this the court below erred. In actions of trover, trespass or replevin, before the code, it was not necessary for the defendant to deny the amount of the value or the allegation of damages, and in this respect the code has not altered the practice. They must be proved even though the defendant puts in no answer. *Conness v. Main*, 2 E. D. Smith, 314; *McKenzie v. Farrell*, 4 Bosworth, 202.

Questions were put to different witnesses by the plaintiffs during the progress of the trial, as to what the kind or quality of the lumber in dispute was. The court below refused to permit these questions to be answered. It seems to us the answers should have been received. They were competent as bearing on the question of the value of the lumber; also for another purpose. Testimony was given tending to prove that some part of the lumber in dispute was manufactured by one Wright in his mill, at Fremont, out of logs belonging to the plaintiffs and cut on streams above Fremont, and that there was a great difference in the quality of lumber sawed out of logs cut at or near Fremont and that cut out of the plaintiffs' logs, the latter being much superior in quality to the former. The defendants' witnesses, or some of them, testified that this lumber was made out of logs cut at Fremont. After this testimony was in, the plaintiffs renewed their inquiry as to the quality of the lumber in dispute, and the court again ruled the evidence inadmissible. It seems to us that it was clearly admissible as tending to prove whether the lumber in dispute was manufactured out of the plaintiffs' or Wright's logs.

The circuit court also erred in instructing the jury that "if they found for the plaintiffs, they could only recover the amount of lumber which they have proved to have been wrongfully taken by Wright, although it may have been commingled with the lumber of Wright wrongfully." The law, we think, is that if Wright wilfully or indiscriminately intermixed the lumber sawed from the logs of the plaintiffs with his own lumber, so that it could not be distinguished, and the

lumber so mixed was of different qualities or value, then the plaintiffs would be entitled to hold the whole. *Willard v. Rice*, 11 Met., 493 ; 2 Kent's Com. (3d ed.), 364 ; *Ryder v. Hathaway*, 21 Pick., 298.

We do not deem it necessary to notice other rulings assigned for error of the court below excluding testimony, as the same questions may not arise upon a new trial.

Judgment of the court below reversed, and a new trial ordered.