ROOT ET AL. V. SCHAFFNER ET AL.

1. **Instruction:** PLEADING: EVIDENCE. An instruction based upon facts not put in issue by the pleadings or embraced in the evidence, is erroneous.

2. **Husband and wife:** PROPERTY OF THE WIFE. As between husband and wife, the personal property of the latter does not vest in the husband, upon being placed in his possession and under his control. The presumption of his title is only raised in favor of third persons, acting in good faith and in ignorance of the real ownership.

3. ———: ———: MORTGAGE. The husband's possession does not deprive the wife of the right to mortgage the property, and the record of the mortgage is notice to the world of the rights of the mortgagee and mortgagor therein.

*Appeal from Des Moines Circuit Court.*

FRIDAY, SEPTEMBER 25.

THIS is an action of replevin, brought by Dorinda Root to recover the possession of certain personal property claimed to belong to her, and which was levied on by the sheriff to satisfy an execution in favor of Whitmore, Carter & Brown, and against A. M. Root and Daniel Haskell, Jr. Daniel Haskell, Sr., intervened in the action, claiming the possession of the property by virtue of a chattel mortgage thereon executed by

Dorinda Root. There was a verdict and judgment for defendants. The plaintiff and the intervenor appeal.

*Stutsman & Trulock*, for appellants.

*Smyth & Hedge*, for appellees.

MILLER, CH. J.—The judgment, on which the property in controversy was taken in execution, was rendered June 22, 1872. At that time, and up to December, 1872, the goods were owned by A. M. Root, the husband of plaintiff, and Louis Ripley, her brother, and kept in store No. 87, Jefferson street, in the city of Burlington, their place of business at that time. In December, 1872, Dorinda Root purchased of her husband, A. M. Root, his interest in the goods, for $950. She continued the business with her brother until January, 1873, when she purchased his interest also, and she continued the business at the same place until the goods were levied on under the execution against A. M. Root, in May, 1873. The evidence further tends to show that when she purchased her husband's interest in the goods, she mortgaged her homestead, and also borrowed money to pay her brother for his interest in the goods when she purchased the same of him; that in borrowing the money to pay her brother, Daniel Haskell, Sr. became surety for her on the notes given therefor; that, to secure him against loss, she executed to him a chattel mortgage on the entire stock of goods, including that in controversy; that this mortgage was duly recorded, and is still in full force. After the commencement of this action, Daniel Haskell, Sr. filed a petition of intervention, claiming the possession of the goods under his mortgage, stating the facts upon which he based his claim.

The court gave to the jury the following, among other, instructions:

"If the jury find that the sale to Dorinda Root was made by A. M. Root with the intention of defrauding his creditors, and she purchased the same with full knowledge of such intention; and if the jury further find that the intervenor, Haskell, had full knowledge of such intention, if any, at the time of

Root v. Schaffner.

the execution of said mortgage to him, and he took the same with such knowledge of such intention, and with a view of assisting in defrauding the creditors of A. M. Root, he cannot recover in this case, and you must find for the defendant."

This instruction was erroneously given for two reasons: *first*, because there was no evidence tending to show that Haskell, the intervenor, was guilty of any fraud in taking his chattel mortgage on the goods; and, *second*, because, in their answer to the petition of intervention, the defendants do not allege or charge fraud in the taking of such mortgage. Before they would have any right to attack Haskell's claim to or right of possession under his mortgage, as obtained through fraud, they should plead the fraud specially. *Gray v. Earle*, 13 Iowa, 188; Code, Section 2718. Not having pleaded the fraud, they could not make it a ground of defense in an instruction. The instruction was inapplicable to the issue in this respect, and, therefore, erroneous.

II. The court further instructed the jury as follows: "If the jury find that, at the time of the execution of the said mortgage, the property in question was in the possession and under the control of A. M. Root, the husband of the plaintiff, Dorinda Root, then neither Dorinda Root nor Haskell, the intervenor, can recover in this case, and you must find for defendants."

This instruction was also erroneous. By the statute governing this case, personal property, as between the husband and wife, did not become his by being left by her under his control. In such case the property would, in favor of third persons acting in good faith and without knowledge of the real ownership, be presumed to have been transferred to him, but as between the husband and wife, she would remain the owner thereof. The property, by being left under his control, would not become his; his control is subject to her right. Rev., Section 2499; *Patterson v. Spearman*, 37 Iowa, 26. If, therefore, the wife's title to the property, as between her and her husband, is not impaired by being under his control, she may dispose of it as she pleases at any time before the rights

of creditors attach. She may sell or mortgage it, notwithstanding it is in the possession and under the control of her husband.

His possession does not take away her right to sell or mortgage the property, for as against her his possession gives him no right therein. The property being hers, she may sell or mortgage it, notwithstanding she may have left it under the control of her husband, for he having no right therein against her, she may resume the control or possession thereof, or she may transfer her title and right of possession to a third party. If she in good faith sell or mortgage the property, before the same is levied on by legal process against her husband, the purchaser or mortgagee will take all the title and right of possession which the wife had as against the husband, and he could at once take possession thereof, and the title and right of possession of such purchaser or mortgagee would be good against third parties having notice of his rights. The recording of a chattel mortgage, duly acknowledged, would operate under our recording laws as notice to the world of the rights of the mortgagee and also of the mortgagor thereunder. See Revision, Sec. 2203.

The instruction given denies to the wife the power to make a valid sale or mortgage of her personal property when the same is in the possession and under the control of her husband. It holds that the mere fact of possession and control by the husband deprives the wife of making a valid transfer of her property to a third party, and upon this alone directs that neither the wife nor the mortgagee can recover in this action. We have seen that this is not the law. The judgment must be

                                                        REVERSED.