## TUCKER *v.* PARKS.

(*Supreme Court of Colorado, December 4, 1883—Appeal from District . Court of Lake County.*)

1. ASSIGNMENT—ATTORNEY AS ASSIGNEE—COMPENSATION. The fact that one is an attorney at law does not disqualify him from acting as assignee of an insolvent debtor. A provision in the deed of assignment that the "Assignee shall first pay and disburse all the just and reasonable expenses, charges, costs and commissions attending the due execution of these presents, and the carrying into effect of the trust thereby created, together with a reasonable compensation or commission for his own services," does not import that the assignee shall be paid a fee as an attorney, and discloses no fraudulent intent, since the assignee, whether lawyer or not, would be entitled to a reasonable compensation or commission for his services.

2. ALLEGATIONS OF VALUE AND DAMAGES IN REPLEVIN, ARE MATERIAL, AND UNLESS DENIED, ARE ADMITTED. Under the provisions of the Code, those are material allegations, which, unless controverted by the answer, are admitted and need not be proven. Those allegations are material which are necessary to the relief sought. A case cannot be made broader than the allegations of the complaint, and evidence cannot be given of facts not alleged. In replevin the plaintiff is entitled to a judgment in the alternative—for the goods, or their value, if they cannot be restored—hence it is necessary, and therefore material, to allege the value. "Every material allegation   *   *   not controverted by the answer,   *   *   shall for the purpose of the action be taken as true." (Code 1877, Sec. 72.)

3. DAMAGES—GENERAL AND SPECIAL. "General" damages are such as are the usual and natural consequence of the act complained of; "Special" damages are such as result from the act, but from some cause other than the usual and necessary effect thereof. While an averment simply specifying the amount claimed, is sufficient for the recovery of general damages, it is insufficient to warrant the recovery of special damages—the latter must be specially set forth, that the defendant may have notice of the facts out of which they arise and not be taken by surprise.

4. SAME, SAME—IN REPLEVIN. In replevin, when the plaintiff recovers the goods or their value, the only damage which is the natural and necessary consequence of the taking, is that resulting from the detention : *i. e.,* interest on the value of the property from the time of the wrongful taking to the time of trial. Other items of damages, if not alleged are not recov-

erable. And in such case, the admission of damages is only an admission that plaintiff has sustained such damages as were consequential upon the facts alleged—an instruction which covers broader ground is erroneous.

5. FRAUD. Must be specially pleaded in an answer as well as in a complaint. And unless pleaded, evidence tending to establish it is not admissible.

6. INSTRUCTIONS, AND FORM OF JUDGMENT—WHEN NOT REVIEWED. When the transcript does not contain all the instructions given at the trial below, the Supreme Court will not consider an error assigned for refusal to give certain instructions, as it cannot be determined whether the refused instructions contain any correct proposition of law applicable to the case, which was not given to the jury. So of the form of the judgment, when not in the transcript.

7. COMPLAINT—OBJECTIONS TO. Objections to the complaint other than that it does not state facts sufficient to constitute a cause of action, must be made in the Court below, to entitle them to notice in the Supreme Court.

BECK, C. J. The objection to the introduction in evidence of the articles of assignment, was not well taken. It was that the assignee was an attorney at law, and that the instrument provided for the payment to him of counsel fees.

The fact that Parks was an attorney at law did not disqualify him from acting as the assignee of an insolvent firm. In the case cited in support of the objection, *Nickels* v. *McEwen,* 17 New York, 22, the assignment provided for the payment of "a reasonable counsel fee," in addition to the "expenses, costs, charges and commissions," of executing the assignment, and for that reason was held void. The Court regarded the attempt to charge an already deficient fund with a counsel fee, in addition to the regular commission authorized by the statute, as indicating a fraudulent intent in the whole transaction.

The language in this instrument is different, however, and does not, we think, attempt to charge the insolvent estate with counsel fees. It is as follows: "That said assignee shall first pay and disburse all the just and reasonable expenses, charges, costs and commissions attending the due execution of these presents, and the carrying into effect the trust thereby created, together with a reasonable compensation, or commission for his own services."

No allusion is made to either professional services, or to professional fees. All that the instrument authorizes the assignee to pay to himself for his own services is a reasonable compensation or commission. This provision discloses no

fraudulent intent, since the assignee, whether lawyer or not, would be entitled to a reasonable compensation or commission for the services specified, which is all that is provided.

The most important questions presented by this record, arise upon the pleadings, and upon the rulings and instructions, relating to the subject of the recovery.

The complaint avers that the value of the goods seized upon the writs of attachment is $7,946.20, and that the plaintiff's damages for the detention are $1,000. Neither of these allegations is denied by the answer of the defendant. The plaintiff closed his testimony, on the trial, without offering proof in support of either averment, whereupon the defendant moved for a nonsuit, upon the ground that the plaintiff had proved no value to the property sought to be replevied.

This motion was denied by the Court on the theory that defendant's failure to controvert, in his answer to the complaint, the allegations of value and damages, admitted the same to be true as stated.

Defendant then offered evidence to show the value of the goods, their condition, and the amount realized by their sale under the attachment proceedings, which offer was likewise denied.

The Court instructed the jury that the value of the goods in controversy was admitted by the pleadings to be $7,946.20, and the damages were likewise admitted to be $1,000. A verdict for the plaintiff was returned accordingly.

Counsel for the defendant insist that the Court erred in denying the motion for nonsuit, in rejecting the defendants' testimony on the subject of value, and in the instruction referred to.

The correctness of the above rulings depends upon the construction to be given certain sections of our Code of Civil Procedure, which we will proceed to consider.

SECTION 57, (Sec. 61, Code of 1883,) provides that, "The answer of the defendant shall contain a specific denial to each allegation in the complaint intended to be controverted by the defendant's answer."

SECTION 72, (Sec. 75, Code of 1883,) says: "Every material allegation of the complaint or answer not controverted by the answer or replication thereto, shall for the purpose of the

action be taken as true." On behalf of the appellant, who was defendant below, it is insisted that the averments of the complaint on the subject of *value*, and *damages* are not "material allegations," and that a failure to deny them does not admit them to be true. That to entitle the plaintiff to recover in this action, it was essential for him to prove the value of the goods, and the amount of damages sustained. In support of this position, we are cited to the following cases: *Newman* v. *Otto*, 4 Sandf., 668; *Sopris* v. *Webster*, 1 Colo., 507; *Conners* v. *Meir*, 2 E. D. Smith, 314; *Jenkins* v. *Steark*, 19 Wis., 136.

The doctrine of these cases is shown by the following citations from *Newman* v. *Otto:*

"*No* allegation can be deemed material unless an issue taken upon it will decide the cause, so far as relates to the particular cause of action to which the allegation refers.

"In an action sounding in damages, the defendant, by not denying the allegations as to damages and as to their amount, does not admit them. The plaintiff must prove the amount thereof, or he will be only entitled to nominal damages; so in trover, a failure to deny the allegation as to the value of the property, does not admit the value as alleged in the complaint."

The case of *Connors* v. *Meir*, *supra*, was an action in the nature of trover, for illegally detaining plaintiff's watch, alleged to be of the value of $20. In considering the section of the New York Code, which provides that material allegations of the complaint, not denied by the answer, shall be taken as true for the purposes of the action, the Court say that the provision is but the re-enactment of a rule as old as the principles of pleading; that every allegation in a pleading was always taken as true if not denied, and that it was in this sense that the term "*material allegation*" was used in the Code. It means an allegation, without proof of which the plaintiff must fail in his action.

They also say that before the Code the averment of value in such action was matter of form, and could not be made the subject of an issue; that its omission was cured by pleading to the merits; that it need not be proved as laid, and even a plea of justification did not admit it. It was only necessary to prove an illegal detention of the plaintiffs' property to maintain the action.

In *Jenkins* v. *Steark, supra,* the Supreme Court of Wisconsin held, that before the Code in that State it was not necessary for the defendant in trover, trespass, or replevin, to deny either the averment of *value* or damages, and that the Code had not altered the practice in this respect.

*Sopris* v. *Webster* arose under the common law practice which prevailed in the Territory of Colorado before the enactment of the Civil Code, and is to the same effect.

The foregoing adjudications (and many more of the same tenor might have been cited,) are based upon the principles and forms of pleading as they existed at common law.

All, save *Sopris* v. *Webster,* which was prior to the passage of the Code, construed the Code provision under consideration, as not including allegations of *value or damages,* in actions of this character. They hold that the effect of a failure to deny such allegations is the same under Code practice, as under the old system. This is to be accounted for in part for the reason assigned in *Newman* v. *Otto, supra,* that the Codes referred to had not defined the meaning of the term, "material allegations," as employed therein. Its former technical signification was, therefore, naturally continued by the Courts.

Our Code, however, defines the term, and effect must be given the definition in construing the act. The definition is as follows: Sec. 73: (Sec. 76, Code of '83.) "A material allegation in a pleading is one essential to the claim or defense, and which could not be stricken from the pleading without leaving it insufficient."

Another section authorizes matters not essential to the claim or defense to be stricken from the pleadings on motion. Laws 1879, p. 215, Sec. 1. Sec. 65, Code of 1883.

Let us see now what the plaintiff is required to state, in this class of actions, and what relief he is entitled to under proper allegations. When he seeks the recovery of *money* or *damages,* the amount of his claim must be stated in the complaint. Civil Code, Sec. 50; Sec. 54, Code '83.

The plaintiff always seeks this kind of relief in replevin, when the property has not been delivered to him, as in the case at bar. In such case the jury is required by section 182, to find the value of the property, and to assess the plaintiff's damages, if any are claimed in the complaint.

To complete the remedy, section 207 authorizes judgment in the alternative, for possession of the property, or in case a delivery cannot be had, for the value of the property and damages for the detention.

This is the relief demanded in the present action. Both the value of the merchandise taken, and the amount of damages alleged to have been sustained by their detention were stated in the complaint, the same being the allegations which appellant says were immaterial, and could not be admitted by a failure to deny them in the answer.

Testing their materiality by the rule furnished by the Code, the inquiry is, were these allegations essential to the plaintiff's claim, and could they be stricken from his complaint without leaving it insufficient?

The record shows that the goods were sold by the defendant by virtue of the attachment proceedings, hence they could not be returned. The plaintiff then could have no relief in this action, save by a verdict and judgment authorizing the collection of their value in money, and damages. But, as we have seen, he would not be entitled to such a judgment had the aforesaid allegations been omitted from his complaint. These considerations demonstrate their materiality under our practice, and it follows that the failure of the defendant to deny them, admitted them to be true.

It is a familiar rule that evidence cannot be given of facts not alleged in the pleadings, and that neither admissions nor stipulations can make a case broader than it is by allegation.

A party can have no relief beyond what the averments of his pleadings entitle him. Harsten's Pr., p. 152; *Hicks* v. *Murry*, 43 Cal., 522.

The fact that the law-makers who framed the Codes of Iowa and Kansas, both of which are similar to our own on this subject, deemed it necessary to limit the operation of the rule under consideration, indicates their apprehension that without such limitation it would include allegations of value and damages.

In Iowa the qualification is: "But an allegation of value, or amount of damage shall not be deemed true by a failure to controvert it." Iowa Code (1873), p. 456, Sec. 2712.

In Kansas, it is, "Allegations of value or amount of damages

shall not be considered as true by failure to controvert them; but this shall not apply to the amount claimed in actions on contract, express or implied, for the recovery of money only." General Stat., Kan., (1868), p. 653, Sec. 128.

In California, on the contrary, where Code provisions upon this point similar to our own exist, they appear to be construed to have the same effect which we have herein given to corresponding sections of our Code. *Tully* v. *Harloe*, 35 Cal., 302.

For the reasons assigned, we are of opinion that the value of the property was admitted by the pleadings, and that the evidence offered was inadmissible.

Referring now to the extent of the recovery, we remark that damages may be *general* or *special;* and that while an averment simply specifying the amount claimed, as in this complaint, is sufficient for the recovery of general damages, it is insufficient to warrant the recovery of special damages.

When it is sought to recover such damages as are not the usual and natural consequence of the wrongful act complained of, the rule is that they must be specifically set forth, that the defendant may have notice of the facts, out of which they are claimed to have arisen, and that he may not be taken by surprise on the trial. Wells on Replevin, 311; *Dickinson* v. *Boyle*, 17 Pick., 78; *Stevenson* v. *Smith*, 28 Cal., 103; *Brown* v. *Cummings*, 7 Allen, 507.

In this case there is no averment that would authorize the recovery of special damages. There is only the general allegation of damages in the sum of $1,000. It is evident that this amount of damages was not a natural consequence of the act complained of. The goods were to be exposed to sale. The presumption is that they would not have sold for more than their value, which sum is recovered in this action. The only damage therefore, which appears to be the natural and necessary consequence of the taking, is that resulting from their detention. This sum or amount must be ascertained by the rule adopted in this State, which rule is sanctioned by numerous authorities. It is to compute interest on the value of the property from the time of the wrongful taking, to the time of trial. *Machette* v. *Wanless*, 2 Colo., 170; *Hanner* v. *Bartels*, *ib.*, 514. Sedgwick's Leading Cases on Measure of Damages, pp. 566-7.

The record shows that the goods were taken January 10th, 1880, and that the cause was tried January 20th, 1881. Interest at the rate of ten per centum per annum on $7,946.20, for the above interval, was all that the plaintiff was entitled to.

If other items of damage were sustained, they were not recoverable because not alleged.

The admission of the allegation of damages, was only an admission that the plaintiff had sustained such damages as were consequential upon the facts alleged. *Stevenson* v. *Smith*, 28 Cal., 103.

The instruction given upon this point was erroneous.

Another error assigned, involving a question of pleading is, that the Court rejected the offer of the defendant to prove that a short time prior to the assignment, the assignors fraudulently and without consideration, transferred a portion of the same stock of goods, to one Wineright, who afterwards employed the assignors to sell them at auction; and that Parks, the assignee, with all this knowledge before him, took no steps to assert the rights of the creditors to these goods, but employed Wineright to assist him in invoicing the stock.

This proof would have been admissible under proper pleadings, but there was no issue in the case to which it was responsive.

The complaint alleged ownership and right to possession. These were proper averments. *Dambman* v. *White*, 48 Cal., 452.

The answer denied such ownership and right of possession; alleged ownership in Freudenfeld and Jelenko (the assignors), and the taking of the goods by the defendant, as sheriff, by virtue of certain writs of attachment against said owners.

Neither fraud nor any other matter in avoidance of plaintiff's title was set up in the answer.

The plaintiff proved his title and right to possession, by producing in evidence the deed of assignment. Defendant then attempted to avoid the deed, by proof of circumstances tending to show that it was given in fraud of the rights of creditors, and void for that reason. This testimony was not admissible. Fraud must be specially pleaded in an answer, as well as in a complaint. There were no facts stated in the answer, appriz-

ing the plaintiff that his title would be assailed in this manner.

In *Gray* v. *Earl*, 13 Ia., 188, it was held that before a defendant in replevin could attack the plaintiff's right of possession, on the ground that it was obtained through fraud, such fraud must be specially pleaded. See also *Dyson* v. *Ream*, 9 Ia., 51; *Capure* v. *Builder's In. Co.*, 39 Cal., 123; *Lefler* v. *Field*, 52 N. Y., 621; *Bliss on Code Pldg.*, Secs. 211, 399.

The error assigned for refusal to give certain instructions prayed by defendant, cannot be considered, for the reason that the transcript does not purport to give all the instructions given on behalf of either party, and the appellant admits that other instructions were given. We are not advised that the refused instructions contain any correct proposition of law, applicable to the case, which was not given to the jury.

For the same reason we cannot consider the objection to the form of the judgment.

Its form is not before us, having been omitted from the transcript. The verdict was sufficient to authorize a judgment in the alternative for the possession of the property or the value thereof, in case a delivery could not be had, as authorized by Sec. 207 of the Code. In the absence of any facts showing the contrary, the necessary intendment is that the action of the Court below was correct.

The objection to the complaint, that it does not state facts sufficient to constitute a cause of action in replevin, is not well taken. We deem the complaint sufficient, so far as this objection is concerned. Other objections thereto, if they exist, should have been made in the Court below, to entitle them to notice here. *Passett* v. *Muloch*, 5 Colo., 466.

The cause is reversed and remanded for a new trial.

*Reversed.*

*R. D. Thompson*, attorney for appellant.
*Markham & Patterson*, attorneys for appellee.