DE VOTIE ET AL. V. McGERR.

1. SEPARATE PROPERTY OF WIFE — HUSBAND'S DEBTS.— A wife's separate property may become subject to the debts of her husband, in case he be permitted to deal with it, and obtain credit upon it as his own with her knowledge and consent.

2. ESTOPPEL IN PAIS, HOW PLEADED.— An estoppel *in pais* cannot be proved under the general or specific denial provided by the code, but must be specially pleaded as new matter, in order to be available as a defense.

3. TITLE RESTING UPON FRAUD, HOW PLEADED.— In actions for the recovery of personal property, or damages for the conversion thereof, the principle applicable to pleadings, when fraud is relied on as a defense, may be stated thus : Where the defendant's claim of title springs out of or rests upon the alleged fraud or fraudulent conduct of the plaintiff, so that but for the fraud the title of plaintiff would be good, such fraud, being the source and foundation of the defendant's claim, is essentially new matter, and must be pleaded, or it cannot be proved.

4. INSTRUCTIONS NOT APPROPRIATE TO THE ISSUE.— It is not error to refuse instructions which are not appropriate to the issue as tendered and accepted.

| | |
|---|---|
| 15 | 467 |
| 15 | 256 |
| 16 | 211 |
| 15 | 467 |
| 19 | 12 |
| 19 | 234 |
| 15 | 467 |
| 20 | 56 |
| 15 | 467 |
| 23 | 530 |
| 15 | 467 |
| 14a | 198 |
| 15 | 467 |
| 27 | 200 |
| 15 | 467 |
| 28 | 317 |
| 15 | 467 |
| 17a | 205 |
| 18a | 355 |

*Appeal from District Court of Clear Creek County.  On rehearing.*

THIS was an action brought by Annie McGerr, plaintiff below, to recover the value of certain live-stock, consisting of eight cows and three yearlings, which she claimed to own and possess as her own property, and which she alleges were wrongfully taken and converted by defendants to their own use.

It appears that in September, 1885, two of the defendants, Bullock and Strickler, obtained a judgment in the county court of Clear Creek county against Thomas McGerr, husband of plaintiff, and that, by virtue of an execution to satisfy said judgment, their co-defendant, John C. De Votie, sheriff of said county, levied upon and sold certain live-stock, including those claimed by plaintiff in this action.

The principal defense relied on was that Thomas McGerr, and not the plaintiff, was the owner of the property in controversy, and that said property was liable to execution to satisfy the judgment obtained against him as aforesaid.

The issue upon this defense was tried and submitted to the jury, who returned a verdict for the plaintiff. The defendants bring this appeal, and assign for error the refusal of the court to admit certain testimony, the refusal to give certain instructions prayed by defendants, and the giving of certain other instructions prayed by plaintiff.

Messrs. MORRISON & FILLIUS, for appellant.

Mr. C. C. POST, for appellees.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The return of the property in controversy for assessment by Thomas McGerr as his own was not evidence against the plaintiff's title, unless accompanied by evidence that such return was with her knowledge and consent.  So, too, a mortgage of the property by the husband as his own was not evidence against the wife's title, unless supplemented

by evidence of her knowledge and consent. If there be satisfactory evidence of actual knowledge the evidence of consent need not be express; but consent may, perhaps, be inferred from long-continued acquiescence, or other pertinent circumstances. The trial court did not err in rejecting the assessment return and mortgage, the supplementary evidence not being produced or offered.

The instructions prayed and refused, as well as those given at the trial, are very voluminous, and it is unnecessary to undertake to review them in detail. The instructions given fairly submitted the question arising upon the evidence under the pleading as to *whether or not plaintiff was the actual owner* of the property in controversy, and limited her recovery to such property as the proof showed belonged to her separate estate.

The law, in respect to the rights of married women to own, hold and enjoy their separate property, and to be protected therein, was fully considered in the cases of *Wells v. Caywood,* 3 Colo. 487, and in *Coon v. Rigden,* 4 Colo. 275. These cases have been several times cited and approved by this court. It is not necessary to restate the doctrine therein announced.

Counsel for appellants in the court below undertook to avoid the force and effect of these decisions by the offer of evidence tending to show that the plaintiff permitted her husband, Thomas McGerr, to deal with the property in controversy as his own, and so to obtain credit upon it. They also requested the court to charge the jury to the effect that, even if the property in controversy was the separate property of the wife, she could not recover damages for its conversion if she had allowed it to be used by her husband as a means of obtaining credit for the goods for the price of which it was seized and sold. This instruction was refused.

Much reliance is placed upon the following paragraph from the opinion in *Coon v. Rigden, supra:*

" Should the wife permit the husband to deal with and

sell her separate property as his own, or obtain credit upon it as his own, undoubtedly this would be a *fraud* against which courts would extend their protection."

Unquestionably, a married woman may, by her own voluntary conduct, forfeit protection to her separate estate. Being *sui juris* she is responsible for her own fraudulent acts as well· as subject to the law of estoppel. *Railroad Co. v. Allen*, 13 Colo. 229. Some of the instructions prayed by defendants, and refused by the court, undoubtedly state correct propositions of law relating to such conduct. But the evidence tending to show that Mrs. McGerr permitted her husband to deal with the property in controversy as his own was not very strong, though probably sufficient to make it incumbent upon the court to give the instructions prayed upon that theory, if the issues in the case had been properly framed for that purpose.

The foregoing quotation from *Coon v. Rigden* indicates that the acts of a wife which would cause her property to become liable for the debts of her husband must be such as would amount to a *fraud*, and thus estop her from asserting her title. "The ground of an estoppel by conduct commonly is fraud," says Mr. Bigelow, at page 686 of his work on that subject. It is a general rule that matters constituting fraud must be specially pleaded in order to be available as a defense.

As this difficulty in the case had not been noticed by counsel in their original printed briefs, nor in the oral argument before the court upon the rehearing, we requested counsel to present additional briefs, which they have done, upon the following question: "Were defendants below entitled to have the jury instructed upon the theory that the property in controversy had become subject to the debts of Thomas McGerr by reason of plaintiff's supposed fraudulent conduct in respect thereto, without setting forth in their answer any defense of that character?"

Counsel for appellants now contend that it is unnecessary to plead specially those matters which amount to an

estoppel *in pais;* that such matters may be given in evidence under the general issue; and that, inasmuch as there was some evidence tending to show that plaintiff permitted her husband to deal with the property as his own, the question whether such evidence was sufficient to estop plaintiff from asserting her title should have been submitted to the jury. This view is supported by respectable common-law authorities. Bigelow, Estop. 669; *Canal Co. v. Hathaway,* 8 Wend. 480. But whatever may be the weight of common-law precedents upon this subject, reason, logic, and the general current of authority in the code states, concur in the rule that estoppels must be specially pleaded, and this rule includes estoppels *in pais,* as by fraudulent conduct and the like.

Section 56 of the Code of Colorado provides: " The answer of the defendant shall contain — *First,* a general or specific denial," etc.; " *second,* a statement of any new matter constituting a defense," etc.

Commenting upon this section of the Code, Dr. Bliss, in his excellent work on Code Pleadings, section 329, says: " Fraud, as a defense, is sustained by affirmative facts which do not contradict, but avoid the legal effect of, the facts stated by the plaintiff."

Again, at section 330, it is said: " Keeping in view the logical rule that the new facts which may be proved under a denial are those which show that the plaintiff's statements are untrue, also that facts which are consistent with their truth, but show that he has no cause of action, are new matter, to be pleaded, we can seldom be deceived as to what may and may not be thus proved. * * * It is held in most of the states that facts showing fraud as a defense, especially *in acquiring title to the property claimed by the plaintiff, which title would be good but for the fraud, are new matter, to be specially pleaded."*

Again, at section 339, it is said: " A statement of new matter constituting a defense is but a statement of facts which do not appear in the plaintiff's pleading, and which

show that, notwithstanding the facts stated by him, he suffers no wrong."

Again, in section 364, the same author adds: "Matter of estoppel is equitable in its nature, yet, as forbidding a party to plead the truth, it should be set out with more certainty than will avail in ordinary defenses." With this section the author concludes the chapter upon the "Defense of New Matter" with the pertinent observation: "It is unnecessary, in this connection, to attempt to instance all the defenses which should be specially pleaded. In treating upon common-law pleading it might be necessary, inasmuch as the *allegata* bear so slight a relation to the *probata*, that the pleader cannot decide, upon principle, what should be specially pleaded, and what is provable under the general issue. But the rules given and illustrated in this and the last chapter will not permit a careful code pleader to make a mistake in this regard."

Dr. Pomeroy, in his valuable treatise on "Remedies and Remedial Rights by the Civil Action, According to the Reformed American Procedure," at section 712, says: "According to the decided weight of authority, an estoppel *in pais* cannot be proved under a general denial, but is new matter." *Wood v. Ostram,* 29 Ind. 186; *Dale v. Turner,* 34 Mich. 417; *Ransom v. Stanberry,* 22 Iowa, 334; *Warder v. Baldwin,* 51 Wis. 450; *Clarke v. Huber,* 25 Cal. 597; *Bray v. Marshall,* 75 Mo. 327; *Maxwell v. Longenecker,* 89 Ill. 102.

In *Birch v. Steppler,* 11 Colo. 400, the answer contained a defense involving estoppel by conduct which was *specially* and successfully pleaded against the assertion of title to real estate.

In order to make correct application of the foregoing doctrine to the question before us it becomes necessary to consider further the state of the pleadings in the case.

The complaint is similar to an ordinary declaration in trover at common law. The answer denies — *First,* the plaintiff's ownership or possession of the property; *second,* the value of the property; *third,* the wrongful taking; and,

*lastly*, pleads the judgment in favor of Bullock and Strickler against Thomas McGerr, the issuance of execution thereon, the levy by the sheriff upon the property in controversy "as the property of the said Thomas McGerr," and further alleges "that said goods or cattle were at the time of the levy under said writ in the possession of said Thomas McGerr, and were the property of said Thomas," etc. Nothing whatever of fraud, fraudulent conduct, or conduct on the part of plaintiff calculated to mislead any one as to the title is in any manner alleged.

In this connection the case of *Tucker v. Parks*, 7 Colo. 70, is directly in point, where it is said: "Fraud must be specially pleaded in an answer, as well as in a complaint." The language of that opinion is, in substance, pertinent to the record before us. *Neither fraud nor any other matter in avoidance of plaintiff's title is set up in the answer; nor are any facts stated in the answer apprising the plaintiff that her title to the property in controversy would be assailed on the ground of fraud.* Hence defendants could not avail themselves of such a defense by evidence; and, since not by evidence, then not by instructions relating to such evidence.

The evidence tending to show how the husband dealt with the property, to the extent the plaintiff had knowledge thereof, was admissible, and was received and submitted to the jury as tending to elucidate the question presented by the pleadings, to wit: Was the property *in fact* the property of the plaintiff, or was it the property of Thomas McGerr, her husband? Unless the evidence reached far enough to overcome or equal plaintiff's evidence, based upon her affirmative allegation that she was the owner of the property, she was, under the pleadings, entitled to a verdict. The jury evidently considered that the preponderance of the evidence upon this issue was in favor of the plaintiff's title.

It has been suggested that the case of *Benesch v. Waggner*, 12 Colo. 534, is in conflict with the case of *Tucker v.*

*Parks, supra*, in reference to the necessity of pleading fraud in actions like the case now before us. Nothing, however, in either case, conflicts with the principle we have found applicable to such pleadings, and which may be stated thus: Where the defendant's claim of title springs out of or rests upon the alleged fraud or fraudulent conduct of the plaintiff, so that but for the fraud the title of plaintiff would be good, such fraud, being the source and foundation of the defendant's claim, is essentially new matter, and must be pleaded or it cannot be proved.

In the *Benesch-Waggner Case* the plaintiff was the original owner of the property; he did not claim ownership on the ground of the fraud of the opposite party, but in spite of it. Hence, it was held that a general allegation of ownership was sufficient, and that there was no necessity for setting forth in the *complaint* the supposed fraudulent matter incidentally involved in the controversy.

In the *Tucker-Parks Case*, also, the plaintiff claimed title by assignment from the original owners, and the allegations of the *complaint* were general. But the defendant, sheriff, who sought to justify the taking of the property in execution against the original owners, on the ground that the deed of assignment to the plaintiff was fraudulent, was not allowed to give evidence of the fraud, for the reason that the fraudulent character of the deed of assignment was essential to the validity of his levy, and so was new matter, the existence of which he must both allege and prove, and his answer contained no charge or allegation of that character.

In the case now before us, if the property in controversy was indeed the property of plaintiff, then the right of defendants, if they had such right, to levy upon the same for her husband's debts, must have sprung out of and rested upon fraudulent conduct on the part of plaintiff in respect to the property. Such fraudulent conduct, if it had any existence, was new matter essential to be alleged and proved by defendants in order to sustain their levy. There being

no issue of that character the court properly refused to give instructions based upon such a theory.

The defendants tendered the issue that the property in controversy was not the property of plaintiff, but of her husband. By the instructions prayed and refused, as above stated, they sought to try quite a different issue, to wit, that the property, though the property of the plaintiff, had become subject to the debts of her husband by reason of her fraudulent conduct. The trial court did not err in refusing to allow defendants to tender one issue, and recover upon another. The verdict of the jury upon the issue as tendered and accepted was well sustained by the evidence, and cannot properly be disturbed. The judgment of the district court will stand affirmed, for the reasons stated in this opinion.

*Affirmed.*