## Case No. 2,672.

CHICKERING v. HATCH et al.

[3 Sumn. 474.] [1]

Circuit Court, D. Maine. May Term, 1839.

MORTGAGE—CONVEYANCE ABSOLUTE IN FORM—
VALIDITY.

A conveyance of certain premises, absolute in its form, but admitted, by the answer in chancery, to be a mortgage security merely for certain debts, was treated as a valid security to the extent of these debts, and the premises, subject to this charge, were held to be liable to judgment creditor of the original grantor.

Bill in equity, by an execution creditor under a levy, for discovery.

Hobbs, for plaintiff.
Daveis, for defendant Gideon Hatch.

No appearance was entered for William B. Hatch, the execution debtor, and the bill was taken against him, pro confesso.

STORY, Circuit Justice. The plaintiff is a judgment creditor, who has levied upon a part of the land conveyed to the defendant, Gideon Hatch, by the other defendant, William B. Hatch, his brother, by a deed absolute in its purport and form. The bill asserts the conveyance to be fraudulent. The answer denies the fraud; but admits that the conveyance, though absolute in its form, was designed by the parties to be a mortgage security merely for the debts then due for services by William B. Hatch to the defendant, Gideon Hatch. Subject to this claim, it admits the right of the plaintiff, and seeks satisfaction only for the amount of the claim under the conveyance. It appears to me, that the transaction, though very irregular, and loose, and inartificial, was founded in good faith, and not designed to defraud creditors, at least not to the knowledge, or with the assent, of the defendant, Gideon Hatch. He has made a full and fair disclosure of all the circumstances, and is therefore entitled to the protection and aid of the court to the extent of his just and equitable claim for services upon the property. Subject to that claim, he ought to be decreed to release all his right and title to the premises included in the levy. But the claim ought to be made primarily a charge upon that portion of the land, which is not included in the levy; and if, upon a sale thereof, to be directed by the court, there shall not be sufficient to satisfy the claim of the defendant, Gideon Hatch, when the same is ascertained by a master, then the residuum ought to be decreed to be a charge on the premises included in the levy; and when the plaintiff discharges the same, the release ought to be enforced by a decree against the defendant, Gideon Hatch.

The district judge concurs in this view of the case. And a decree will accordingly be entered, declaring the rights of the par-

ties, and referring it to a master to ascertain the amount of the claim of Gideon Hatch; and further orders will be reserved until the coming in of the master's report.

[NOTE. For decision on the coming in of the master's report, see Case No. 2,671.]