## Case No. 5,169.

GAFFNEY'S ASSIGNEE v. SIGNAIGO.

[1 Dill. 158; [1] 14 Int. Rev. Rec. 95; 5 West. Jur. 450.]

Circuit Court, E. D. Missouri. 1870.

E. T. Allen, for assignee.

Lackland, Martin & Lackland, for defendant.

Before DILLON. Circuit Judge, and KREKEL, District Judge.

DILLON, Circuit Judge. ■ The fact is conclusively established that the money which the defendant loaned was applied to the payment of debts against Gaffney, which were either liens on the property, or could

[1] [Opinion reprinted from 4 Dill. 264, note, by permission.]

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

have been made so at any time, at the election of the creditors.

It is claimed by the assignee that an absolute conveyance, made for the purpose of securing a bona fide debt, though created at the time with a parol understanding between the parties that the land is to be reconveyed upon the payment of the debt and interest, is void against creditors, especially if the grantee is aware of the existence of other creditors, and knows or has reason to believe the grantor to be insolvent.

Such, however, is not the law, and the deed is valid as a security, and may be enforced as such, unless actually or constructively fraudulent. There is no provision of the bankrupt act which avoids a security otherwise valid, because taken in the form of an absolute deed instead of a mortgage. The fact that it is so taken may be a circumstance to show fraud, but alone does not establish it, and why it was thus taken, has, in the case at bar, been satisfactorily explained.

The case is unlike Lukins v. Aird, 6 Wall. [73 U. S.] 79, where a valuable right—that of possession—was secretly reserved to the failing debtor, contrary to the terms of the deed; here, there was no absolute sale in fact, and no attempt by the debtor to reserve a right at the expense of his creditors.

It is also claimed by the assignee, that Gaffney, being insolvent at the time the deed was made, and the defendant having reasonable cause to believe this to be the fact, that the making of any disposition of his property was fraudulent because in contravention of the 35th section of the bankrupt act.

But a person who is believed to be insolvent may borrow money bona fide and give a valid security therefor, on his property, no fraud in fact, or on the bankrupt act, being intended or effected. Darby v. Boatman's Sav. Inst. [Case No. 3,571], and authorities cited.

The court finds from the evidence in the case, that the defendant had money to loan; that Gaffney, learning of this, applied to defendant's agents to borrow it to pay off liens and debts as above mentioned; that defendant, on the agents' recommendation, at last consented to make the loan; that the agents advised the security to be taken by way of absolute deed, which was not done secretly, and that the whole sum borrowed (except a few dollars excluded from the decree by the district court) was by the defendant's agents actually paid over to the creditors of Gaffney, whose liens were extinguished and whose judgments were satisfied on the record.

Certain it is, therefore, that no fraud was wrought by the transaction. upon the creditors of Gaffney; and equally clear is it upon the evidence, that no fraud was meditated by the defendant. There is no evidence that he ever claimed to own the property absolutely. Gaffney was allowed to remain in possession, and the theory that the conveyance was taken in this way to deceive creditors, or to defraud them, has no support in the evidence.

Decree affirmed.