3   321
14   301

## THE GOLDEN PAPER Co. et al. *v.* CLARK.

1. In an action against a corporation, if the president be not found, the sheriff may, under the statute (R. S., p. 501, § 4), serve process upon any officer or agent of the corporation.

2. Applications by a ministerial officer for leave to amend his return upon process are generally regarded with liberality. Justice, not only to the officer, but to the parties, requires that if he has committed a misprision he should have an opportunity to correct it.

*Error to Probate Court of Jefferson County.*

ASSUMPSIT on a promissory note brought by Clark, the defendant in error, against the Golden Paper Co. and A. P. Anderson, plaintiffs in error, impleaded with Reuben C. Wells. The question presented by the record is to the sufficiency of the service of process upon the defendants below. The return of the officer was as follows:

VOL. III — 41

" TERRITORY OF COLORADO, ⎞
    *County of Jefferson.* ⎭ *ss.*

" Served the within summons by delivering a copy thereof to A. P. Anderson, and by delivering a copy of the same to Frank A. Hartzell, who is and was an agent of the Golden Paper Company — Ezekiel Hartzell, the president of said Company, not found in my county. Reuben C. Wells not found in my county. Dated this 19th day of February, A. D. 1875.

" W. L. SMITH,
Sheriff of Jefferson County."

" Afterward, the sheriff was permitted to amend the return "according to the facts," by inserting immediately after the name of the defendant Anderson, the words " and by reading this summons to him." Default was taken against the company and Anderson, and damages assessed against them in favor of Clark, in the sum of $463.20, for which amount, together with costs, judgment was entered. The plaintiffs in error contend that there was no sufficient service of process out of the probate court, and in consequence the proceedings were *coram non judice.*

Mr. A. H. DEFRANCE, and Mr. D. E. PARKS, for plaintiffs in error.

Mr. HUGH BUTLER, for defendant in error.

WELLS, J. 1. The return of service upon the corporation defendant seems to us to be sufficient. The fair interpretation of the fourth section of the Practice Act (Revised Statutes, chap. 70, § 4) requires that service shall be made upon the president, if found. If the residence of the chief officer, in the county to which process is issued, shall preclude service upon any other official or agent, it will be an easy matter for the corporation to avoid service altogether. If the president be not found, the sheriff is under no obligation to distinguish between the other officials; he may serve any officer or agent; for so is the letter of the statute.

The case of *The Illinois Telegraph Company* v. *Kennedy,*

24 Ill. 319, which was cited in argument, does not bear upon this question.

2. Applications for leave to a ministerial officer to amend his return upon process are generally regarded with liberality. What is asked in such a case is not a peremptory direction, but permission merely. It is the officer who finally determines the question of fact, and upon his memory, good faith and sense of official responsibility, the court and all parties must in general depend for the truth of his acts. Justice not only to the officer, but to parties, requires that if he has committed a *misprision*, he should have opportunity to correct it. Even if the party to be affected may of right appear to and resist such application, as to which we express no opinion, it is not apparent that in the present case the defendant has been injured by the refusal of the court below to accord him this privilege. No suggestion was made of the matters proposed to be established by the testimony of the witnesses offered, but the same witnesses had given their affidavits as to the circumstances attending the alleged service. These affidavits were exhibited at the hearing and are embodied in the bill of exceptions. It is fair to assume they contain the substance of what was proposed to be shown by examination of the witnesses. Now upon this showing the court would not have been justified in refusing the sheriff the leave asked. It was the memory of the sheriff against that of the defendant, and there was not the slightest occasion to suspect the good faith or sincerity of the officer. Certainly no reason can be assigned to accord conclusive effect to the deposition of the defendant.

If the officer still remained sufficiently confident in his own recollection of the facts to make the proposed amendment, justice to the plaintiff required of him that he should do so ; and of the court, that he should have permission accordingly. The defendant, if wronged, is not without remedy.

The judgment will be affirmed with costs.

*Affirmed.*