MᴄCʟᴜʀᴇ ᴇᴛ ᴀʟ. (Sᴄʜᴇʀʀᴇʀ, Iɴᴛᴇʀᴠᴇɴᴏʀ) ᴠ. Sᴍɪᴛʜ. Sᴀᴍᴇ ᴠ. Cʟᴏᴜɢʜ.

1. Cᴏɴᴠᴇʏᴀɴᴄᴇs — Dᴇᴇᴅ Aʙsᴏʟᴜᴛᴇ ᴛᴏ Oᴘᴇʀᴀᴛᴇ ᴀs ᴀ Mᴏʀᴛɢᴀɢᴇ.— A deed absolute in form, intended to operate as a mortgage, if given in good faith to secure an actual indebtedness, is not constructively fraudulent as to the grantor's other creditors.

2. Bᴏɴᴀ Fɪᴅᴇ Lɪᴇɴ Vᴀʟɪᴅ, Tʜᴏᴜɢʜ ɪɴ Fᴏʀᴍ Fʀᴀᴜᴅᴜʟᴇɴᴛ.— This method of creating an incumbrance is a conspicuous badge of fraud as to existing creditors, but the *bona fides* of the transaction may be shown by collateral proofs.

3. Cᴏʀʀᴇᴄᴛɪɴɢ Oғғɪᴄᴇʀ's Rᴇᴛᴜʀɴ ᴀs ᴛᴏ Dᴇsᴄʀɪᴘᴛɪᴏɴ ᴏғ Aᴛᴛᴀᴄʜᴇᴅ Pʀᴏᴘᴇʀᴛʏ.— Amendments to the officer's return upon process to correspond with the fact, unless the party complaining has been deceived or misled to his prejudice, are liberally allowed. And when it appears that the notice of attachment upon realty, filed with the clerk and recorder, is correct, it is not error, on application supported by affidavits and notice to opposing counsel, to allow the sheriff to amend his return by correcting a misdescription of the realty attached.

*Appeal from District Court of Arapahoe County.*

Sᴜɪᴛs were brought by Smith and Clough against Charles B. and H. C. McClure to recover claims for goods sold and delivered. Attachments were issued in these suits, and levied upon certain real estate in the city of Denver. This real estate appears of record in the name of Scherrer, and Scherrer duly filed a plea of intervention in each of the suits, claiming a superior right as against the attaching creditors. He averred in these pleas that, although the deed from the McClures to him-

self to the premises was absolute in form, yet it was intended, together with a certain defeasance in writing executed at the same time, to constitute a mortgage securing a large existing, and also a contingent, indebtedness.

The causes were consolidated and tried to the court upon the pleas of intervention, answers thereto, replications, and evidence offered. The court made specific findings of fact and of law, upon which was predicated a decree in favor of the attaching creditors and against the intervenor. To review this decree the present appeal was taken.

Messrs. BENNETT & BENNETT, for appellants.

Messrs. PERRY & CARPENTER, for appellees.

CHIEF JUSTICE HELM delivered the opinion of the court.

The present appeal was taken under the act of 1885. No evidence is embraced in the abstract, and therefore a review upon the evidence could not be had. The findings of fact, however, of the court below are properly before us, and, since they are not in any way questioned, will be accepted as conclusive.

By the record as presented, we are advised of the following facts: That McClure Bros., being indebted to Scherrer to a large amount, executed an absolute deed conveying the realty in question to him; that in connection with the giving of this deed, and as a part of the same transaction, Scherrer executed in writing, and delivered to McClure Bros., a defeasance; that the two instruments were designed by the parties to constitute a mortgage of the premises as security for the indebtedness to Scherrer; that the whole transaction, so far as Scherrer was concerned, was characterized by entire good faith in fact; that, immediately upon the execution of these instruments, Scherrer took and has since retained

possession of the mortgaged realty; but that, while the absolute deed to Scherrer was duly filed for record with the clerk and recorder prior to levy of the writs of attachment, McClure Bros. failed to record their defeasance.

Notwithstanding the foregoing conclusions of fact, however, the court found that as to Smith and Clough, the attaching creditors of McClure Bros., the transaction constituted a constructive fraud, and the deed to Scherrer was void in law. On this finding, the decree in favor of the attaching creditors was based, and upon its correctness or incorrectness the affirmance or reversal thereof must rest.

It is obvious that the court below adopted the view that a deed absolute in form, but in reality designed to operate as a mortgage only, is constructively fraudulent, and consequently void in law, as to other existing creditors of the mortgagor, even though the transaction contained no element of fraud in fact. This position of the trial judge is supported by well-considered decisions. *Friedley v. Hamilton*, 17 Serg. & R. 70; *Manufacturers', etc. Bank v. Bank of Pennsylvania*, 7 Watts & S. 335; *Smyth v. Carlisle*, 16 N. H. 464; *Bryant v. Young*, 21 Ala. 264; *North v. Belden*, 13 Conn. 376.

But in our judgment the weight of authority favors the view heretofore announced by this court. It was held in *Ross v. Duggan*, 5 Colo. 85, that, while this method of creating an incumbrance is a conspicuous badge of fraud as to existing creditors, it is not conclusive, and that the *bona fides* of the transaction may be shown by collateral proofs. It is true that when the mortgagee consents to take an absolute deed, even though, as in the case at bar, he delivers back a defeasance, he makes it possible for the mortgagor to deceive his other creditors. For this reason, such a proceeding is regarded with disfavor, and upheld with reluctance.

It would no doubt be wiser, as well as less harmful, if the mortgagee insisted upon having the transaction evidenced by an ordinary mortgage. But, if there be a *bona fide* debt for which the security is given; if there be no understanding with the mortgagee to hold the overplus, or to hold the property after payment of his debt, secretly, for the benefit of the mortgagor; if there be no collusion on the part of the mortgagee with the mortgagor in keeping the defeasance unrecorded, or in keeping secret the exact nature of the transaction, for the purpose of deceiving creditors; in short, if the mortgagee is simply endeavoring, in good faith, to obtain that precedence in the security of his debt which the law permits, the mere isolated fact that he takes an absolute deed, instead of a mortgage, will not, in and of itself alone, render his lien nugatory. The law prescribes no absolute and inflexible form for mortgages upon realty. It certainly assumes that such instruments as the one under consideration will sometimes be employed. Section 261, Civil Code 1887, provides that "the fact of a deed being a mortgage, in effect, may be proved by oral testimony." While this section would not be permitted to affect the title of a *bona fide* purchaser from the mortgagee, for good consideration, without notice, we conceive it to be broad enough to permit the proof mentioned as between the parties, and as against the claims of other creditors.

The view that fraud *per se* should not be imputed to such transactions as the one under consideration receives countenance from section 1529 of the General Statutes. This section declares that the question of fraudulent intent, in all cases relating to the conveyance or assignment of any estate or interest in lands, shall be a question of fact, and not of law. *Ross v. Duggan, supra;* Bump, Fraud. Conv. 40; *Gaffney's Assignee v. Signaigo,* 1 Dill. 158; *Harrison v. Trustees,* 12 Mass. 455; *Gibson v. Sey-*

*mour*, 4 Vt. 518; *Stevens v. Hinckley*, 43 Me. 440; *Chickering v. Hatch*, 3 Sum. 474; *Bank v. Jacobs*, 10 Mich. 349.

Since neither the case of *Ross v. Duggan*, in 5 Colo., nor the other cases *supra*, are mentioned by the briefs filed in this court, we are justified in assuming that the attention of the presiding judge was not directed thereto. Had he been advised of these authorities, especially of *Ross v. Duggan*, his decree would, doubtless, have been different.

In view of a retrial of the cause, we deem it important to notice briefly the remaining question argued on the present appeal. The return of the officer who levied the writ of attachment was slightly defective in its description of the realty attached. There is nothing, however, in the record before us to show that the attachment notice filed with the clerk and recorder partook of the same infirmity. The court, prior to the trial, upon application supported by affidavits, notice having been given to opposing counsel, and upon careful consideration, permitted the sheriff to amend his return by correcting therein the misdescription in question. This was not error. Amendments of the officer's return upon process to correspond with the fact are in the interest of justice; and, unless it be shown that the party complaining has been deceived or misled to his prejudice, great liberality in allowing them is always exercised. *Anderson v. Sloan*, 1 Colo. 33; *Loveland v. Sears*, id. 433; *Paper Co. v. Clark*, 3 Colo. 321; Crock. Sher. § 43; *Corby v. Burns*, 36 Mo. 194.

The judgment is reversed and the cause remanded for a new trial.

*Reversed.*

MR. JUSTICE ELLIOTT (who presided below). I concur in the foregoing opinion. The chief justice is quite right in supposing that the case of *Ross v. Duggan* was not cited at *nisi prius*. I did not have the opinion in that

case in mind at the trial, or I should gladly have followed it, instead of the Pennsylvania cases then referred to. This case serves to emphasize what was said in *Crane v. Farmer, ante,* p. 294, about the importance of giving attention to our own reports.