Seeleman, Appellant, v. Hoagland, Appellee.

1. Pleading.
If a party desires to subject property held by a vendee under apparently valid indicia of ownership or muniment of title, to the payment of a debt of his vendor, he must plead and prove the facts that vitiate such title, whether they constitute fraud or estoppel.

2. Same—Replevin.
It is essential that the facts relied on by the defendant in an action of replevin, as constituting the plaintiff's title fraudulent, be specially pleaded.

3. Same.
A sale made upon a valuable consideration is not vitiated by the fraudulent purpose of the grantor, unless the grantee be chargeable with notice of such intention. A pleading setting up fraud in such a case, which fails to charge the grantee with notice or knowledge of the grantor's fraudulent design, is defective.

4. Evidence.
A party attempting to impeach a sale on the ground of fraud may introduce in evidence declarations of the vendor made before the sale, which tend to reveal the character of the transaction.

*Appeal from the District Court of Jefferson County.*

Action of claim and delivery of personal property.

Charles B. Seeleman, plaintiff, alleges that on the 17th day of August, 1889, he was the owner, and entitled to the possession of certain goods and chattels of the value of $1,500; that on that day the defendant wrongfully took them from

his possession.  The defendant answered, 1st: By a general denial, and 2d, justified the taking, as sheriff of Jefferson county, under and by virtue of a certain writ of attachment issued in an action wherein C. M. Henderson & Company are plaintiffs and Jenkin Edwards is defendant; and also alleged:

" That said goods, chattels and personal property were at the time of said levy the goods, chattels and personal property of the said Jenkin Edwards, and were, as against the creditors of the said Jenkin Edwards, liable to be levied upon for the satisfaction of said debt as defendant is informed and verily believes ; " etc.

To this answer plaintiff filed a replication.

The case was tried to a jury.  It appears from the evidence that on the 3d day of August, 1889, Jenkin Edwards was the owner of the property in controversy.  That on that day Seeleman purchased it from him for a valuable consideration.  The defendant was permitted to attack this sale on the ground of fraud.  Upon the conclusion of the evidence plaintiff requested the court to give the following instruction :

" No. 4.  The court instructs the jury that there is no question of fraud or bad faith on the part of the plaintiff made by the pleadings in this case ; and you have, therefore, nothing to consider as to this ; but the important and controlling question is : Whether the plaintiff was in fact the owner of the property in question at the time of the attachment of the same by the defendant for C. M. Henderson & Co., as alleged in the answer herein, or whether the same was then the property of Jenkin Edwards.

Counsel for defendant thereupon asked leave of the court to file the following amendment to his answer, which was allowed over the objection of counsel for plaintiff :

" Says that the said property levied upon was, at the time it was so levied upon, the property of the said Jenkin Edwards, and not the property of the plaintiff.  The defendant further says that the title and possession of said property

was, theretofore, by said Jenkin Edwards transferred to plaintiff without consideration, and for the purpose of cheating, hindering, delaying or defrauding the creditors of the said Jenkin Edwards."

Whereupon the court refused to give the instruction, and proceeded to instruct the jury upon the theory that the question of fraud was involved in the case.

Verdict was rendered in favor of defendant for a return of the property, and in case such return could not be had, assessed the defendant's damages at $1,500. Motion for new trial was overruled. Thereupon the defendant remitted so much of the amount found as was in excess of the sum of $863.19, and judgment was entered accordingly.

To reverse this judgment plaintiff below brings the case here on appeal.

Mr. JOSEPH MANN and Mr. W. A. DIER, for appellant.

Messrs. LIPSCOMB & HODGES, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

Numerous errors are assigned, but we deem it necessary to notice only those that are predicated upon the refusal of the court to give instruction numbered 4, asked by plaintiff, and the submission of the question to the jury whether the sale of the goods in controversy was fraudulent as to the creditors of Edwards, under the issues presented by the pleadings.

Counsel for appellee insists that that question was properly submitted; first, because in the action in replevin the plaintiff must recover, if at all, upon the strength of his own title, and under a general denial any state of facts may be shown to defeat such title; and, second, that if the correctness of this proposition be denied, that in their answer, as amended, fraud is sufficiently averred.

While the first proposition finds support in some of the adjudged cases, among them the case of *Sopris v. Truax*, 1 Colo. 89, recent decisions of this court, under the present

practice act, recognize a different rule; and it is now too well settled in this jurisdiction to admit of dispute, that if a party desires to subject property held by a vendee under apparently valid indicia of ownership, or muniment of title, to the payment of a debt of his vendor, (in an action of replevin, as well as in any other form of action), he must plead and prove the facts that vitiate such title, whether they constitute fraud or estoppel: *Tucker v. Parks*, 7 Colo. 62; *De Votie v. McGerr*, 15 Colo. 467.

As was stated in the case of *Tucker v. Parks*, "Fraud must be specially pleaded in an answer, as well as in a complaint. There were no facts stated in the answer apprising the plaintiff that his title would be assailed in this manner."

This language is particularly pertinent to the case under consideration; that action being also an action in replevin, and the answer therein relied on as being sufficient to admit proof of fraud, being almost identical with the original answer in this case.

The case of *Benesch v. Waggner*, 12 Colo. 534, is cited in support of appellee's contention, but since that case has been so clearly distinguished from the case of *Tucker v. Parks*, *supra*, by Judge Elliott in his opinion in the case of *De Votie v. McGerr*, *supra*, its want of analogy to the case under consideration is readily discernible. The general and well established rule is that fraud is not to be presumed, and to be available in other forms of action must be specially pleaded. We can perceive no satisfactory reason why in an action in replevin the same rule should not apply.

It was essential, therefore, that the facts relied on by defendant as constituting the sale by Edwards to plaintiff fraudulent, should have been properly pleaded.

Without expressing any opinion as to whether or not the amendment to the answer was properly allowed, we pass to the consideration of the sufficiency of the answer as amended to admit evidence tending to show complicity on the part of plaintiff with Edwards in his alleged fraudulent design. The allegation that the transfer of the property was without con-

sideration was met and answered by the evidence of plaintiff, and it was uncontradicted, that he has paid a valuable consideration for the property. "To vitiate the transfer in such case, the grantee also must be chargeable with knowledge of the intention of the grantor." *Prewit v. Wilson*, 103 U. S. 22.

Therefore, notwithstanding the averment of a fraudulent design on the part of Edwards, there being no allegation of knowledge or notice on the part of plaintiff of such design, or any complicity therewith or participation therein on his part, the answer is clearly insufficient to admit evidence of such knowledge or conduct; and the only issue presented by the pleadings upon which evidence was admissible, and to which the finding of the jury should have been confined, was whether the plaintiff was the actual owner of the property in controversy.

The instruction asked by plaintiff correctly embodied the law applicable to this issue, and the court erred in refusing to give it; and in submitting the case to the jury upon the theory that the question of fraud was involved.

Since the case must be remanded for a new trial we think it due to the respective parties to notice the error based upon the admission in evidence of the letter written by Edwards to C. M. Henderson & Company shortly preceding the sale to Seeleman. That it was inadmissible under the pleadings as they stood follows from what we have already stated. Would it be admissible under proper pleadings?

While there is a seeming conflict in the authorities on this question, the rule as announced in *Grimes v. Hill*, 15 Colo. 359, recognizes the right of a party attempting to impeach the validity of a sale on the ground of fraud to introduce in evidence declarations of the vendor, made before the sale, that tend to reveal the character of the transaction. Under this rule we think the letter in question would be admissible in evidence, under issues properly framed.

It is unnecessary to notice the further errors assigned, as they may be avoided on another trial. For the foregoing reasons the judgment of the court below must be reversed.

*Reversed.*