[No. 5645.]

## STUBBS ET AL. v. McGILLIS ET AL.

1. **Judgments—Vacation—Duty of Court—Lack of Service.**

It is the. duty of a court to set aside a judgment on motion if there be sufficient evidence to show that no service of summons had been made upon the defendant.—P. 142.

2. **Process—Amendment of Return—Evidence—Sufficiency.**

A return showed service of summons on M. J. M. in 189—, the action being against D. J. M——, and in 1904 plaintiff filed a motion to permit the former sheriff to amend the return, attaching thereto such officer's affidavit that the summons was served in 1899 on D. J. M., and by inadvertence the initial M. was written for D., and the figure 9, indicating the year, was omitted; but, on the hearing, D. J. M. testified that the summons was never served on him, and the officer testified that he wrote the return on the summons, but had no independent recollection of serving it, and that he. did not know of any M. J. M. in the county, and had never heard of one. Held, that there was no abuse of discretion in the court's refusing leave to amend the return.—P. 142.

3. **Judgments—Return on Process—Inconsistent Recitals—Effect.**

Where the return of the officer serving a summons is inconsistent with the recitals in the judgment, the return must control; and hence a recital in a judgment showing proper service will not aid an official return which shows a want of proper service. —P. 142.

4. **Judgments—Setting Aside—Want of Jurisdiction of Person— Necessity for Affidavit of Meritorious Defense.**

To vacate a judgment obtained without jurisdiction of the defendant's person, no affidavit of meritorious defense is necessary in this state.—P. 143.

5. **Judgments—Setting Aside—Effect of Delay.**

Delay in asking to vacate a judgment for want of service on the defendant will not preclude the relief asked, if the plaintiff is not prejudiced thereby.—P. 143.

6. **Judgments—Lack of Service—Effect.**

A judgment is void as to a defendant not served.—P. 143.

7. **Judgments—Setting Aside—Time for Application.**

A void judgment is worthless for any purpose, and can be directly attacked at any time when the party obtaining the same seeks to derive some advantage from it.—P. 143.

8. **Appearance—Proceedings Constituting Appearance.**

Where, after judgment was rendered against a defendant, who had not been served, he moved to quash a writ of garnishment and contested a motion to amend the return of service, he submits himself to the jurisdiction of the court.—P. 144.

9. **Judgments—Setting Aside—Effect as Abatement of Action.**

Where defendant appears to quash a writ of garnishment and to contest a motion to amend the return of service, vacation of the judgment for want of service will not abate the action. —P. 144.

10. **Judgments—Right of Defendant After Vacation of Judgment.**

Where a judgment is vacated for want of service, but the defendant, by appearance for certain purposes, submits himself to the jurisdiction of the court, the action will not abate, but defendant will be permitted to answer or demur.—P. 144.

*Error to the District Court of La Plata County.*
*Hon. James L. Russell, Judge.*

Action by Frank W. Stubbs and Louis C. Jackway, copartners as Stubbs & Jackway, against D. J. McGillis and Peter Monteith, copartners as McGillis & Co., D. J. McGillis and Peter Monteith. From a judgment for defendants, plaintiffs bring error.          *Affirmed and remanded for*
*further proceedings.*

Messrs. WILSON & McCLOSKY, for plaintiffs in error.

Messrs. RITTER & BUCHANAN, for defendants in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

In 1899 the plaintiffs in error instituted an action against defendants in error in the district court of La Plata county, to recover a judgment upon two promissory notes. The sheriff made return of the summons, which was issued, and that he had served the same by delivering a true copy of the

summons, together with a copy of the complaint, "to the within named defendants, M. J. McGillis and Peter Monteith," in La Plata county, upon the "10th day of Feb., A. D. 189...." No answer was filed to the complaint and no appearance entered upon the part of either of the defendants, and judgment was rendered by default on the 3rd day of April, 1899. The judgment recites, *inter alia,* "that the said defendant has been regularly served with process and has failed to answer the complaint herein."

Upon the 17th of October, 1904, garnishee summons in this action was served upon The First National Bank of Durango. The bank answered that "D. J. McGillis has a credit balance with us of $1,331.65." Upon the 7th of November, 1904, the defendant D. J. McGillis filed a petition in the district court, alleging that no service of summons was had upon him in the original action, that he did not learn of the rendition of the judgment until after the 17th of October, 1904, and made certain allegations concerning the moneys on deposit in the bank for the purpose of showing that they rightfully belonged to parties other than the defendant, and then filed a motion to vacate the judgment entered in 1889, for the reason that the summons had never been served upon him. On the 19th of December, 1904, the plaintiffs filed a motion that the court "require and permit Joseph P. Airy, the one time acting sheriff in and for said La Plata county, and who served the summons in the above entitled action as such sheriff, to amend his return on said summons so as to show the facts in regard to said service." Attached to the motion was the affidavit of the sheriff, wherein he stated that he served the summons upon defendants D. J. McGillis and Peter Monteith by delivering to each of them, within the county of La Plata, a copy of the summons, together with a copy of the com-

plaint, upon the 10th day of February, A. D. 1899; that by inadvertence and mistake in writing the return, he wrote the name of *M. J.* McGillis instead of *D. J.* McGillis, and that he omitted to place the figure *9* after *189*   , the year in which the service was made. These motions were heard by the court at the same time, and at the hearing the defendant McGillis testified that the summons was never served upon him, but that he had heard of the pendency of the case and the entering of the judgment three or four years previous, and that the statement made in his affidavit that he had not heard of the existence of the judgment until 1904 was a mistake; that in 1899, so far as he knew, there was no person residing in La Plata county by the name of M. J. McGillis.

Airy, the former sheriff, testified that he wrote the return on the summons, but that he had no present recollection of serving it; had no recollection of serving either Monteith or McGillis, and that he did not know of any M. J. McGillis in the county, and never heard of one.

The court granted the motion to vacate the judgment and denied the motion to amend the return, and the matter comes here upon error, plaintiffs contending that the court erred in both rulings, that the facts as shown by the testimony and the record proved indisputably that the summons was served upon the defendant McGillis, and that the writing of the initial *M.* instead of *D.* was a clerical error. They also assert that the recital in the judgment rendered in 1899, to the effect that there had been a service upon defendant, is a verity and overcomes the assertion made in the return that the service was made upon M. J. McGillis. They further contend that the defendant, having failed to allege that he had a meritorious defense to the cause of action, was in no position to complain of the rendi-

tion of the judgment or to ask to have it set aside; and that, having waited for so great a length of time before moving against the judgment, he should be estopped from denying its validity.

If the evidence was sufficient to enable the court to determine that no service of the summons had been made upon the defendant, it became his duty to set the judgment aside.—*Keely v. East Side Imp. Co.,* 16 Col. App. 365; *Smith v. Morrill,* 12 Col. App. 233; *DuBois v. Clark,* 12 Col. App. 220; *Great Western Min. Co. v. W. of A. Min. Co.,* 14 Colo. 90.

In *Golden Paper Company v. Clark,* 3 Colo. 321, it is said that application for leave to a ministerial officer to amend his return upon process may generally be regarded with liberality; that it is the memory of the officer against that of the defendant, and if the officer is sufficiently confident in his own recollection of the facts to make the proposed amendment, justice to the plaintiff would require that he should do so; but, in this action, while the affidavit of the officer affirms that he made the service of the summons upon the defendant, when he testified he said that he had no recollection of having done so. So that when the defendant testified positively and affirmatively that the summons was not served, and the officer has no recollection of its having been served, we cannot see that the court abused its discretion in refusing to permit an amendment of the return to show that service was actually had. Notwithstanding the fact that the judgment recites that service of summons had been made upon the defendants, we think in this case the return upon the summons must control, the only evidence of service being that contained in the return.

"Where the return of the officer is inconsistent with the recitals in the judgment, the former must control, and a recital of proper service of a process

will not aid the official return which shows a want of proper service."—18 Enc. Pl. & Pr. 987; *Hemmer v. Wolfer,* 124 Ill. 435; *Hobby v. Bunch,* 83 Ga. 1; *Lowe v. Alexander,* 15 Cal. 296; *Galpin v. Page,* 18 Wallace 366; *Settlemier v. Sullivan,* 97 U. S. 444.

In order to vacate a judgment which was obtained without jurisdiction of the person of the defendant, an affidavit of a meritorious defense to the action is not necessary in this state.

In *Wilson v. Hawthorne,* 14 Colo. 530, it is said that an affidavit of merits might very properly be required, but that it was not essential and not traversible. The same thing is said in *State Board of Agriculture v. Meyers,* 13 Colo. 500. In *Symes v. Charpiot,* 17 Colo. 463, it is held that an allegation of a meritorious defense is not necessary, and so in *Crippen v. X. Y. Irr. D. Co.,* 32 Colo. 460.

The contention that the defendant ought not to be heard to assert, after five years, that process was not served upon him, might be relied upon if it appeared that in the meantime rights of innocent third parties had accrued and would be violated by giving the relief sought. In the absence of such contention or proof touching the same, or in the absence of an allegation that the plaintiff is in any different position from what he would have been, had the defendant sooner moved against the judgment, the delay of the defendant will not be held to prevent his now doing so.—*Keely v. East Side Imp. Co.,* 16 Col. App. 365; *DuBois v. Clark,* 12 Col. App. 220; *Smith v. Morrill,* 12 Col. App. 233.

There is another reason why the delay of the defendant could not be taken advantage of by the plaintiff, and that is, if the judgment was rendered without service upon the defendant, it was void as to him. A void judgment is worthless for any purpose, and can be directly attacked at any time when the

party obtaining the same seeks to derive some advantage from it.—Freem. Judg., §117; *Crippen v. X. Y. Irr. D. Co.*, 32 Colo. 460.

The defendant having appeared for the purpose of quashing the writ of garnishment and for the purpose of contesting the motion of the plaintiffs to amend the sheriff's return, has submitted himself to the jurisdiction of the court, and, while the judgment of the court in denying the plaintiffs' motion and allowing that of the defendant must be upheld, the action will not, for that reason, abate; but the defendant may be permitted to answer the plaintiffs' complaint or demur to it if it is defective, if he so desires.

The cause will be remanded, with direction to the court to fix a reasonable time in which the defendant should plead, and if he fails to do so, judgment may be rendered against him by default.

> *Affirmed and remanded for further proceedings in accordance herewith.*

Chief Justice Steele and Mr. Justice Goddard concur