## MILLER v. HALLOCK.

It is not enough that the evidence of the plaintiff shows a case that calls for some relief; to entitle himself to judgment he must show himself entitled to the relief called for by the facts stated in the complaint. The allegations of the complaint, the evidence and the finding should correspond in legal intent.

*Error to County Court of Arapahoe County.*

THIS was an action instituted by the plaintiff in error to recover the alleged contract price of a quantity of wood delivered by said plaintiff to the defendant in error. The complaint states that the wood was delivered on a contract entered into between the parties. It alleges that "during the months of September and October, 1882, the said plaintiff sold and delivered to the said defendant one hundred and ninety-five and three-fourths cords of wood, in consideration for which the said defendant then agreed and promised to pay plaintiff the sum of $496.23, which said defendant has wholly failed and neglected to do, and said sum of $496.23 remains due and unpaid, for which plaintiff prays judgment and for costs of suit." The defendant's answer contains a specific denial of each allegation in the complaint. The only witness sworn was the plaintiff, who testified in his own behalf, against the objections of the defendant, that a man by name of Sargent came to his residence in Jefferson county, representing himself to be defendant's agent, and purchased for defendant two hundred and fifty cords of wood, agreeing to pay $2.50 per cord for —— cords, and $2.65 per cord for the balance. Sargent directed the wood to be shipped direct to the defendant, and agreed that defendant should pay the freight. Plaintiff, believing the stranger to be the agent of Mr. Hallock, undertook the fulfillment of the contract and shipped wood to Mr. Hallock by railway for three weeks, and then came to the city to see about the matter. When he met the defend-

ant the latter told him that he had purchased the wood from Sargent and had overpaid him for the quantity received, and that plaintiff had better look to Sargent, as he did not propose to pay twice for it. Defendant had used part of the wood received, and the balance was in defendant's yard. Defendant's counsel objected to any testimony of the alleged contract until the agency of Sargent should be first shown. The trial was to the court, who stated that the testimony would be received, but disregarded unless the agency was shown. The plaintiff having no proof of the alleged agency, the court, at the conclusion of his testimony, sustained the defendant's motion for a nonsuit.

Messrs. ROGERS and McCORD, for appellant.

Messrs. DECKER and YONLEY, for appellee.

BECK, C. J. It is conceded by the parties to this cause that the man Sargent, who procured the shipment of the wood from the plaintiff Miller to the defendant Hallock, was a swindler, and that both plaintiff and defendant acted in good faith. Plaintiff's counsel contends that the plaintiff is entitled to compensation from Hallock for his wood, because it was neither sold nor delivered to Sargent, but shipped to, received by, and converted to the use of, said defendant. In support of this theory, counsel cite the following cases, which are clearly analogous to this case, so far as the facts are concerned, and which seem to sustain the rule of liability contended for: *Hamet v. Letcher*, 37 Ohio St. 356; *Barker v. Dinsmore*, 72 Pa. St. 427; *Klein v. Seibold*, 89 Ill. 540; *Barnard v. Campbell*, 55 N. Y. 457; *Moody v. Blake*, 117 Mass. 23.

The theory of the defense, however, is unanswerable so far as the present action is concerned. It is that the complaint counts upon a contract for the sale of the wood, alleged to have been entered into between the plaintiff and defendant, whereas the proof wholly failed to sustain

the allegation. The cause and character of the actions in the cases above cited were wholly different from the action instituted in this case. The former were actions to recover back the specific property which had been fraudulently obtained from the owners, or, where the property itself could not be recovered, to recover the value thereof from the persons who had converted it to their own uses. Here the action brought is upon an alleged contract entered into by the parties specifying the quantity of wood to be delivered by the plaintiff, and the price to be paid therefor by the defendant. No such contract having been made, of course it could not be proved, and the court was compelled to grant a nonsuit. There was a fatal variance between the allegations of the complaint and the proofs. In such a case it is not enough that the evidence of the plaintiff show a case that calls for some relief. To entitle him to judgment he must show himself entitled to the relief called for by the facts stated in his complaint. As stated by the supreme court of California in *Mondran v. Goux*, 51 Cal. 151: "The rule is well settled that the plaintiff must recover, if at all, upon the cause of action set out in his complaint and not upon some other which may be developed by the proofs."

A cause of action is a wrong committed or threatened. It may consist of the wrongful conversion of property, or of the non-performance of an agreement. In one case the cause of action would sound in tort, the other in contract; and, while the relief sought might relate to the same subject-matter, yet proof of facts sufficient to sustain an action for the tort would be insufficient to sustain an action for the non-performance of the agreement, for the reason that the *probata* would not correspond with the *allegata*. The complaint would state one cause of action, every material averment of which might be controverted and put in issue by the answer of the defendant, while the facts proved would be foreign to the issues joined. That is just the case here presented. The com-

plaint states a cause of action arising *ex contractu*, and each material averment thereof has been controverted and put in issue by the answer of the defendant, in the exercise of his legal rights. The proofs introduced and offered in evidence tended to establish a cause of action arising *ex delicto*. "A party can have no relief beyond what the averments of his pleadings entitle him to." The allegations of the complaint, the evidence, and the finding should correspond in legal intent. *Tucker v. Parks*, 7 Colo. 62; 1 Pac. Rep. 427; *Gregory v. Haworth*, 25 Cal. 656.

The judgment must be affirmed.

*Affirmed.*