Wilson, J.
Plaintiff Barton, a resident of Colorado, and his neice, Mrs. Fanny C. Hough, a resident of Pennsylvania, were claimed to have been beneficiaries under the will of an uncle *54 who died in Missouri in 1893. By the terms of the will, as alleged, each was a legatee for a specific amount, and the plaintiff was designated and appointed by the express provisions of the will as trustee to receive, manage and pay the bequest of his niece. Defendant was a practising attorney at law in the city of Denver, and as such was employed by plaintiff during the years 1894 and 1895 in reference to various matters affecting the private business of plaintiff, and also the estate of his deceased uncle; and also, it is alleged, concerning the collection of certain securities delivered to plaintiff by the executors of the will in payment of the bequest to his niece. This suit was brought by plaintiff as such trustee, and its object was to enjoin defendant from the' misapplication and misappropriation of certain moneys which had been intrusted to him by plaintiff as such trustee, and to obtain a decree declaring that Mrs. Hough was the owner of said sum of money in defendant’s hands, and that plaintiff, as her trustee, was entitled to the possession of the same. The complaint, after setting forth the execution and probate of the will, its provisions in reference to the bequest to Mrs. Hough, and the receipt by plaintiff as her trustee from the executors of money and securities to a large, amount, alleged as follows:
“ 8. That defendant is an attorney and counselor at law of the supreme court of the state of Colorado.
“ 9. That between the 20th day of November, 1894, and the 30th day of August, 1895, plaintiff, as such trustee, as aforesaid, did employ defendant as his agent, attorney and counsel, and did intrust and deliver to the defendant, as his said agent, attorney and counsel, of the moneys so bequeathed and belonging to the said Fannie C. Hough, and to the said trust fund, and so intrusted by said executors to plaintiff, as such trustee, for the sole use and benefit of said Fanny C. Hough, as aforesaid, the sum of $5,483.70, to be disbursed and paid as plaintiff, as such trustee, should direct.
“ 10. That defendant has disbursed and paid, of the said trust moneys so intrusted to him by plaintiff, as aforesaid, *55 tlie sum of $3,200, in accordance with instructions received from plaintiff, as such trustee, and has returned to plaintiff, of said moneys, the sum of $338.70, leaving a balance still due from defendant to plaintiff, as such trustee, the sum of $1,945, which is now in the hands of defendant, and which belongs to the said Fanny C. Hough and the said trust fund, and which was so intrusted by said executors to plaintiff, as such trustee, for the sole use and benefit of said Fanny C. Hough, as aforesaid.”
The subsequent material paragraphs of the complaint allege the demand of plaintiff for the payment and disbursement of the money as he had directed and the refusal of defendant so to do, and the threat of defendant to convert a portion of the money to his own use in payment of certain pretended individual claims of defendant against plaintiff, and the balance to the settlement of certain individual obligations of plaintiff to a third party. The answer of defendant denied the allegations of the complaint except as to the sum of $1,800 of the trust funds, which he admits to have received from plaintiff, but alleges that he had paid out and disbursed this amount as directed by plaintiff. Plaintiff sought to sustain the allegations of his complaint by proof that he had received from the executors of his uncle’s will in payment of the legacy to Mrs. Hough a number of promissory notes executed to his uncle in his lifetime, and that of these he had intrusted several to defendant for collection; that among others was a note of L. O. Wells, upon which defendant had collected the amount of $3,623.70. This comprised all of the money alleged to have been received by defendant for plaintiff as trustee, except the sum of $1,800 which appears to have been paid in cash by plaintiff to defendant for a specific purpose. Concerning this $1,800 it may be said that there seems to be no dispute, and that it was properly disbursed in accordance with the directions of plaintiff, and as alleged by defendant in his answer. A portion, also, of the amount received by defendant on collection of the Wells note appears to have been paid out by defendant in accordance with the directions of plain *56 tiff. This contest appears, therefore, to be wholly with reference to the balance of the money collected on the Wells note. There was no proof offered or made of any other moneys coming to defendant’s hands from plaintiff, or on account of any collections made for him.
Defendant insists that the allegations of the complaint and the proof did not correspond; that the evidence was as to a different state of facts and a different cause of action from that alleged in the complaint; and that therefore the decree against him cannot be sustained. In this contention we think the defendant is correct. The complaint alleges only that he intrusted money to the defendant, for which the defendant failed and refused to account; whilst the evidence was to the effect that he intrusted a promissory note only. It is true that if as was claimed this note was impressed with a trust, then under the circumstances as set forth by plaintiff the money arising from its collection might be also impressed with a trust, and be recovered by him upon the familiar principle that trust money or the proceeds of trust property may be followed. The complaint, however, in the two cases according to the rules of pleading would be radically different. In the one case the pleader would allege the delivery of the trust money, the receipt of it as such by the defendant, and that it was then in his actual possession. In the other case, he would allege the delivery to defendant of the specific trust property, its subsequent conversion by him into money, and his then possession of the proceeds. Mr. Pomeroy says: “ The very object, the design of all pleading by the plaintiff and of all pleading of new matter by the defendant is, that the adverse party may be informed of the real cause of action or defense relied upon by the pleader, and may thus have an opportunity of meeting and defeating it, if possible, at the trial. Unless the petition or complaint on the one hand, and the answer on the other, fully and fairly accomplishes this purpose, the pleading would be a useless ceremony, productive only of delay, and the parties might better be permitted to state their demands orally before the court at the time of *57 the trial. The requirement, therefore, that the cause of action, or the affirmative defense must be stated as it actually is, and that the proofs must establish it as stated, is involved in the very theory of pleading.” Pomeroy, Remedies and Remedial Rights, § 554. Mr. Bliss states that among the main objects and purposes of written pleadings are that each party may be apprised of the nature of the claim or defense of the other, and that the parties may be able subsequently to know from the record what facts had been settled by the suit or litigation. Bliss, Code Pleading, § 188.
These elementary rules of pleading are sustained by all of the courts, and it is quite clear that the proceedings in this cause were notin accordance therewith. It cannot, certainly, be claimed that a complaint that a plaintiff had delivered to a defendant a certain amount of money would apprise the defendant of the fact that plaintiff bases his claim upon the fact that he had delivered to the defendant certain property, and that thereafter this property had been converted into money. And suppose in the present case that defendant had submitted to the judgment and satisfied it, and that hereafter the plaintiff had commenced suit against him to specifically recover moneys collected by the defendant iipon the Wells note, would either the pleadings or the findings or the decree in the present cause show that this matter had been adjudicated? We are aware of the liberal provisions of our code in reference to variances between pleadings and proof, and the liberal construction by the courts of that code section which provides that the court shall in every stage of an action disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the parties, and that no judgment shall be reversed or affected by reason of such error or defect, but it would be stretching these provisions to an unwarranted extent to hold that the error under consideration did not affect the substantial right of the defendant. Before the court could so hold in any instance, this must plainly appear. Such a case is not here presented. We cannot assume that the rights of defendant *58 might not have been very substantially and. materially affected, especially as there appear to have been dealings between the parties involving the payment and receipt of money other than that affecting the Wells note. Conceding that the Wells note was trust property, and as such was intrusted to and collected by defendant, yet if the complaint had contained allegations showing that a recovery was sought of its proceeds, we are not justified in arbitrarily assuming that defendant might have had no matters which he could have plead in defense, except a denial.
The error was not waived by defendant, because he objected when it was first sought to introduce testimony on the trial in reference to the Wells note, and continued to object throughout. When the objection was first made, which was upon a motion for nonsuit after plaintiff’s counsel had made an open statement of his case, the trial judge seems to have been of the opinion that it was well taken. As appears from the record, he said, “ I think if the plaintiff has given the defendant a note, and the proceeds of the note are in the dispute,— I think that should be alleged. I do not care to nonsuit at this time. If he came into possession of it by collection, that is one proposition, and you can amend if you see fit. I think •by your statement you will have to amend your complaint.” Our code is very liberal in the allowance of amendments, but in the present instance, although suggested by the trial court, the plaintiff made no offer to amend, and no amendment was made.
We cannot assume that defendant was not surprised by the proof introduced to sustain the cause of action set up in the complaint. We can conceive a condition and state of facts under which he might have been surprised, and in such case it would be error for the court to act upon the simple presumption that he was not.
As there must be another trial of this cause, it is proper for this court to notice another assignment of error. Plaintiff was himself a legatee under the will, but he claimed on the trial of this cause that his legacy had been advanced to *59 Mm by the executors, and that the notes and securities which he received from the executors were given to him solely in payment of the bequest to Mrs. Hough, and to his brother, for each of whom he was trustee, and that he had segregated and divided such securities between the two, assigning the Wells note to Mrs. Hough. Defendant offered on the trial the testimony of several witnesses tending to impeach the plaintiff by showing that he had made at divers times, statements and admissions inconsistent with the claims set up in this suit. It is not necessary to extend this opinion by setting forth at length the various statements and admissions which defendant sought to show, but it is sufficient to say that they would have had some bearing on the determination ■ of the question as to'whether or not the Wells note was impressed with a trust in favor of Mrs. Hough. We think that this testimony was competent, and that it was error to exclude it, as was done.
The judgment will be reversed and the cause remanded for a new trial,, with instructions to allow the plaintiff to amend Ms complaint as he may be advised and if he so desire, and that if amended, defendant be allowed to plead thereto.

Reversed.