[No. 5043.]
[No. 2607 C. A.]

## MOTT v. SCOTT.

**1. Trespass—Pleading—Evidence—Variance.**

In an action for damages for trespass, where plaintiff in his complaint based his right of action solely upon the ground of ownership and possession of the land upon which the trespass was alleged to have been committed, evidence was not admis-

sible of the assignment to plaintiff by a lessee of the premises of all of said lessee's interest in the damages caused by the trespass.

**2. Trespass—Animals—Liability of Owner—Bailee.**

Where the owner of cattle contracted with a tenant in possession of a ranch to pasture his cattle and said, tenant turned the cattle upon land of the ranch, the owner of the cattle was not liable to the owner of the ranch for trespass of the cattle upon his land, but the liability, if any, was alone that of the tenant in possession of the cattle as bailee.

*Error to the County Court of Weld County:*
*Hon. John T. Jacobs, Judge.*

Mr. H. M. MINOR, for plaintiff in error.

Mr. T. W. HOYT, for defendant in error.

Mr. JUSTICE MAXWELL delivered the opinion of the court.

Defendant in error (plaintiff below) recovered judgment against plaintiff in error for damages alleged to have been sustained by reason of the fact that plaintiff in error, without permission, turned into and upon a ranch alleged to have been owned by and in the possession of defendant in error a herd of cattle which destroyed and damaged growing crops, pasturage and hay land to the amount sued for.

It appears from the evidence that, January 2, 1899, Walter I. Scott, by A. J. Scott (defendant in error), his agent, leased the ranch for a term of one year to one Miller; that Scott, the agent, became dissatisfied with the manner in which Miller was conducting operations upon the ranch and sought to have Miller surrender or release to him a portion of the ranch comprising the meadow, hay and pasturage lands.

As to the terms of this arrangement there is an irreconcilable conflict in the testimony of Scott and Miller, Scott contending that Miller released all the land except 60 acres which he had theretofore seeded

to wheat; Miller contending he only released the right to make the hay crop, reserving the right to the possession of the ranch and the pasturage and meadow land.

It is undisputed that Miller remained in possession of the ranch until after the acts complained of out of which the damage is alleged to have arisen.

Miller and Mott (plaintiff in error) testified that Mott delivered the herd of cattle to Miller to pasture, who turned the cattle into and upon the land.

This testimony is undisputed.

At or about the time Scott attempted to secure from Miller a release of a portion of the ranch he (Scott), by a verbal lease, attempted to let the hay, meadow and pasture lands to one Waddell. It is not at all clear from the evidence just what this arrangement with Waddell was. There is no evidence whatever in the record to show that Waddell took or had possession of the premises, except so far as necessary to irrigate the land and make the hay crop.

Prior to the commencement of this suit Waddell assigned in writing to Scott all his right, title and interest in and to any damages due or to become due him from Mott (plaintiff in error) on account of matters alleged in the complaint.

The court found that Scott had no cause of action under his deed, and that the only cause of action he had was by virtue of the assignment from Waddell.

The judgment against plaintiff in error was for $40, to reverse which a writ of error was sued out of the court of appeals.

This judgment cannot be sustained.

1. The complaint, which is one count, alleged "That at all times herein mentioned plaintiff was the owner of a certain farm in said county and state consisting of 160 acres of land." etc.

There was no averment in the complaint that plaintiff claimed or relied upon the assignment from Waddell. Such allegation was necessary to admit proof thereof.

It is a familiar rule that the allegations and proof must correspond, and that the defendant is not required to meet and overcome evidence not responsive to the pleading.—*Miller v. Hallock,* 9 Colo. 553; *Tucker v. Parks,* 7 Colo. 62-68.

Plaintiff in error objected to the admission of evidence relating to the assignment, upon the ground that it had not been pleaded, and also moved a nonsuit on the same ground.

Leave to amend the complaint was not requested.

There was no waiver of the variance.

2. The undisputed evidence showed that plaintiff in error did not turn the cattle into or upon the ranch; that he made a contract with Miller, the tenant in possession of the ranch, to pasture the cattle, and that Miller, as bailee of plaintiff in error, turned the cattle upon the land, and that he had possession and control of the cattle.

"The liability for the trespass of animals arises not from ownership, but from possession, for only the person having possession of the animals can exercise control over them and prevent them from doing mischief. It follows that the owner of animals in charge of an agister is not liable for their trespasses."—2 Am. & Eng. Ency. of Law 10 and authorities there cited; *Ward v. Brown,* 64 Ill. 307; *Rossell v. Cottom,* 31 Pa. St. 525.

The complaint having been framed upon the theory that defendant was liable for damages and injuries suffered by reason of the fact that he turned the cattle into and upon the premises, there being no evidence in the record to sustain this position, under

the rule last above stated the defendant was not liable for the damages occasioned by the cattle.

For the reasons above stated, the judgment must be reversed.                                              *Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GUNTER concur.