[No. 5472.]
[No. 3142 C. A.]

## Soden v. Murphy, Admx.

1. **Practice in Civil Actions—Pleading—Money Received— Variance Between Allegations and Proof.**

Section 49, Colo. Code Civ. Proc., expressly provides that the facts constituting plaintiff's cause of action shall be stated in the complaint in ordinary and concise language. Held, that a complaint alleging that defendant collected from M. money belonging to plaintiff will not sustain a judgment based upon proof that defendant obtained the money from P.—P. 355.

2. **Pleading—Object to be Attained.**

The object and design of pleading is to inform the adverse party of the real cause of action or defense relied upon by the

pleader, so that the latter may have an opportunity to meet and defeat it at the trial.—P. 356.

3.  **Pleading—Allegations and Proof.**

Plaintiff must recover according to the allegations of the complaint, and if the proof establishes a different case from that which he has alleged, although a good one, he cannot recover.— P. 356.

*Error to the District Court of Lake County.*
*Hon. Frank W. Owers, Judge.*

Action by Patrick Murphy against Thomas Soden. While pending below, plaintiff died, and George F. Burtch, his administrator, was substituted in his stead, and while on appeal the administrator resigned, and Bridget Murphy, administratrix, was substituted. From a judgment for plaintiff, defendant brings error.        *Reversed.*

Mr. A. J. STERLING, for plaintiff in error.

Mr. GEORGE F. BURTCH, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

The complaint in this action alleges that the defendant collected and received of and from Joseph Miller the sum of twenty dollars and fifty cents as interest upon an indebtedness due plaintiff, and collected and received from said Joseph Miller the amount of said indebtedness, to wit, the sum of two hundred dollars; that all of said money so collected and received by the defendant was the money of plaintiff. The complaint then alleges a demand made upon defendant for the money, his refusal to pay, and asks for judgment.

To this complaint the defendant filed a general denial. Afterwards the plaintiff died and his administrator was substituted as plaintiff. Since the case was brought to this court the administrator resigned

and an administratrix has been substituted as defendant in error.

In the view most favorable to plaintiff, the proof is that Joseph Miller borrowed from plaintiff two hundred dollars, to secure the payment of which he executed his promissory note and a deed of trust upon certain property in Leadville. The loan was negotiated through the agency of Powell & Smith, of Leadville, and the note made payable at their office. Before the note was paid it was indorsed to R. W. C. Powell. This indorsement is said to have been a forgery, and afterwards Powell indorsed it to Jessie Watkins. Powell then sold the note to the defendant and secured the indorsement of Jessie Watkins. Powell, to whom the note was first indorsed, was a member of the firm of Powell & Smith. Subsequently, Miller desired to pay the note, and gave the money to P. W. Bohen for that purpose. Bohen notified Powell that he had the money to take up the note. Powell then called upon defendant and procured the note, delivered it to Bohen and obtained the money. Some ten days after this, and after repeated demands, Powell gave the firm's check of Powell & Smith to defendant for two hundred dollars. The only parties to the transaction with whom defendant had any dealings or was acquainted were Powell & Smith, who were the agents of plaintiff in negotiating the loan and collecting it. It is contended by the defendant that he did not purchase the note from Powell & Smith, but that he made them a loan and took the note as collateral security, this loan being for the use and benefit of Jessie Watkins.

The cause was tried to the court without a jury. The court rendered judgment in favor of the plaintiff for two hundred dollars, with interest.

The testimony concerning the note and the transaction as proved was objected to, for the reason that

it was at variance with the pleadings. This objection was overruled and the matter comes here upon appeal from a judgment in favor of plaintiff.

The rule is that the facts constituting plaintiff's cause of action shall be stated in the complaint in ordinary and concise language.—Section 49, Code of Civil Procedure.

That has not been done in this case. The complaint alleges that defendant collected from Miller money belonging to the plaintiff, while the fact relied upon as a cause of action is that he obtained from Powell the money belonging to plaintiff. The plaintiff contends that the complaint is sufficient because it is only necessary to plead the ultimate facts, and that the ultimate facts were that Miller was indebted to plaintiff and defendant received the money. Powell, who was plaintiff's agent, collected the money and gave to defendant his firm's check, either in satisfaction of the loan which defendant testifies he made to Powell, or to reimburse him on account of the money he expended in the purchase of the note. In no sense can it be said that the defendant collected any money from Miller, as alleged in the complaint, or otherwise. If he received any money belonging to the plaintiff, it was money received from Powell and not from Miller. Plaintiff also contends that the defendant should have demurred to the complaint if it was not sufficient, or should have demanded a bill of particulars if it was not sufficiently definite, but this does not reach the trouble. The complaint stated a cause of action, consequently it was not subject to demurrer. It was sufficiently certain, so that a bill of particulars was not necessary. The difficulty is that the proof submitted did not tend to prove the allegations of the complaint, but did tend to establish an entirely different cause of action.

The very object and design of all pleading is that the adverse party may be informed of the real cause of action or defense relied upon by the pleader, and may thus have an opportunity of meeting and defeating it, if possible, at the trial. Unless the complaint fairly accomplishes this purpose, pleading would be a useless ceremony productive only of delay, and the parties might better be permitted to state their demands orally before the court at the time of the trial, as is done in courts of justices of the peace. —Pomeroy on Remedies and Remedial Rights, § 554; *Saxonia N. & R. Co. v. Cook*, 7 Colo. 574; *Seymour v. Fisher*, 16 Colo. 189; *F. H. L. C. Co. v. Southworth*, 13 Colo. 117.

Plaintiff must recover according to the allegations of the complaint, if at all, and if the proof establishes a different case from that which he has alleged, although a good one, he cannot recover.— *Francis v. Wells*, 2 Colo. 660; *Jackson v. Ackroyd*, 15 Colo. 583; *Miller v. Hallock*, 9 Colo. 551; *Bottom v. Barton*, 12 Colo. App. 53.

This case is very similar to that of *Thatcher v. Heisey*, 21 Ohio State 668. There the petition stated that the plaintiff performed work and labor for the defendant on his mill dam. The evidence was that the plaintiff performed work and labor for the defendant in his harvest field, helping him harvest his grain. It was held that the variance between the petition and the evidence was material and the evidence should not have been admitted, although the defendant neither alleged nor offered to prove that he had been misled in any respect by the variance. The wholesomeness of the rule that the proof must correspond with the allegation, is very apparent in this particular case, because the defendant sought to prove the scope of the power conferred upon Powell & Smith as agents by Murphy. This proof

was rejected, but if the complaint had alleged the real cause of action against the defendant and the defendant had, by proper pleadings, laid the foundation for it, the testimony would have been highly material. The evidence that was introduced, not tending to prove the allegations of the complaint, and the judgment not being supported by testimony tending to prove the allegations of the complaint, it follows that it must be reversed.

The other errors assigned are not passed upon, because the settlement of them is not necessary to a determination of the case.                    *Reversed.*

CHIEF JUSTICE STEELE and MR. JUSTICE GODDARD concur.