[No. 5475.]

LITTLE NELL GOLD MINING COMPANY V. HEMBY.

1. **Pleadings and Evidence—Variance**—Evidence of an agreement by the mine owners to pay the miners $1.00 per day, and an additional $2.00 per day out of the proceeds of the ore, if ore should be struck, will not support an averment of a promise absolute to pay $3.00 per day. No recovery will be allowed even though something is shown to be due.—(587)

2. **Contract—Performance**—The miners will not in such a case be allowed to recover upon a quantum meruit, merely because the mine owners failed to distribute among the miners the proceeds of one shipment of ore of insignificant amount. —(588)

3. **Damages—Evidence**—No recovery can be had when the evidence entirely fails to show what amount the plaintiff is entitled to recover.—(587)

*Error to Teller District Court*—Hon. WM. P. SEEDS, Judge.

Messrs. FRANKLIN & TEDROW, and Mr. W. C. BOWEN, for plaintiff in error.

Messrs. MCKESSON & LITTLE, for defendant in error.

Mr. JUSTICE MUSSER delivered the opinion of the court:

This action was commenced by the defendant in error, as plaintiff, against the plaintiff in error and two others, as defendants, to recover for work performed by the plaintiff and four others, for the defendants, in a mine operated under a lease. The four others referred to assigned their claims to plaintiff. The allegations of the complaint, necessary to be referred to, as contained in the first cause of action are as follows:

"Third. That on the 29th day of March, 1900, plaintiff commenced work for the defendants at their

request as a miner, and continued in said employment for the period of five hundred nine (509) days, for which services defendants promised to pay plaintiff the sum of $3.00 per day.

"Fourth. That said services were worth the sum of one thousand five hundred and twenty-seven dollars ($1,527.00)," etc.

In the other causes of action the complaint is the same, substituting, of course, the respective names of the plaintiff's assignors, and the number of days worked by each, and the total amount earned by each.

Defendants answered, and among other things, alleged that the plaintiff and his assignors worked for the defendants under a contract, whereby, the defendants were to pay to the plaintiff and his assignors $1.00 per shift in cash and the further sum of $2.00 per shift, at such time as the mine would yield ore in a sufficient amount to pay necessary mining expenses and past indebtedness, after first paying royalty, and paying to the defendant company one-half of the proceeds of the ore shipped, and that if the ore shipped was not sufficient to pay the royalty, expenses, past indebtedness, and one-half to the defendant company, then the plaintiff and his assignors were to receive only their proportionate share of the proceeds of ore remaining; and that it was agreed, that the defendant company was to be responsible to the plaintiff and his assignors for the said sum of $1.00 per day and no more. The defendants further allege in their answer, that the plaintiff and his assignors were paid $1.00 per shift, and have received all that was coming to them out of the ore shipped, and that the defendants did not owe the plaintiff or his assignors anything. Plaintiff in his replication substantially denied the foregoing allegations of the answer.

The plaintiff devotes considerable space in his brief to show that his cause of action is on a *quantum meruit,* while the defendant company is as equally insistent that it is an action upon an express contract. We will not undertake to determine which it is. Too much space and time would be unnecessarily taken in the discussion of all of the authorities exhibited, favoring the·views 'of the complaint taken by the respective parties. Merely for the purposes of this case, but without deciding, we will assume the view of the complaint taken by the supreme court of Wisconsin, in the case of *Beers v. Kuehn,* 84 Wis. 33, and say, that the complaint contains allegations sufficient to make it good, as against demurrer, upon both causes of action, and that the trouble is, they are not separately stated. Upon this assumption the express contract set up in the complaint is, that the defendants would absolutely and unconditionally pay the plaintiff and his assignors, each, $3.00 per day for their work.

Under the same assumption, the implied contract set up in the complaint upon which the plaintiff could recover as on *quantum meruit* is, that the defendants would pay plaintiff and his assignors for their work, whatever the services were reasonably worth, which he alleges to be a certain sum, and which happens to be $3.00, per day.

What did the plaintiff prove? On his direct examination he testified: "He (meaning one of the defendants) said, I could go to work there, they were paying $1.00 a day, as they went, and when they got ore, they would pay the other $2.00 a day," and on cross-examination he said: "My understanding was, that we were to receive $2.00 a day out of the proceeds of the ore; if they got ore, for them to pay it out of the ore." Mr. Smith, one of plaintiff's

assignors, testified: "I was to receive a dollar in cash and $2.00 per day out of the ore when they shipped it." J. S. Anderson, a brother of one of plaintiff's assignors, testified: "My brother was to have $1.00 in cash and $2.00 a day out of the proceeds of the ore."" Mr. Harcourt, one of the defendants, testified on behalf of plaintiff and said: "They were to get $1.00 per shift, which was paid by the company, and would be paid on the 10th of every month; that if, in the event of us finding shipping ore, or pay ore, then, in that case we were to pay them $2.00 for every shift they have worked out of our half interest coming out of the ore; that was the understanding that I had with all of them, and they understood it." From this testimony it appears that, the contract which the plaintiff himself proved was an express contract and was to the effect that the plaintiff and his assignors were to receive $1.00 per day, in cash, and $2.00 per day out of the proceeds of ore coming out of the mine. The plaintiff's testimony further shows that while the work was being performed for the defendants, four shipments of ore were made. From the first shipment nothing was received. From the second, $116.10 was received out of which $23.22 was paid in royalty, $46.44 to the company, and $46.44 to the other two defendants. Nothing was distributed to the men. The third shipment yielded $162.44, and the fourth $165.86, which was distributed in accordance with the contract. The men continued working. They made no objections to the failure to divide the returns of the second shipment among them. The reason it was not divided, was that the amount each would have received was insignificant. They received and accepted their shares from the third and fourth shipments. The only objection that was raised at any

time was by Mr. Smith at the last shipment. He thought the company should not receive the half, but he took his proportionate share. The men were paid the $1.00 per day each they were to receive in cash. At least one of plaintiff's assignors did not commence work in the mine until after the second shipment was made.

All the work done by plaintiff and his assignors was done under the contract thus proven by him. They evidently worked until they voluntarily quit, or until the work under the lease ceased; at least there is no evidence or claim that any of them were discharged. They did not receive the two dollars per day they were to receive from the proceeds of ore, for the very good reason that the ore was not found; an unfortunate result that happens with more or less frequency in mining. Plaintiff also proved that such work was worth three dollars per day.

At the close of plaintiff's case defendant moved for a nonsuit; this was overruled. Defendants rested without putting in any testimony. The court then, because the defendants had failed to distribute the proceeds of the second shipment, held that the plaintiff was entitled to recover three dollars per day for all the time, which he and his assignors had worked, and directed the jury to return a verdict for the amount prayed for. Exceptions were saved to the rulings and directions of the court, and to the verdict. Judgment was entered on the verdict for the sum of $2,186.70, which was the amount at three dollars per day, less what had been paid. To this judgment the defendants excepted. Their motion for a new trial was overruled, to which they excepted.

It is difficult to comprehend upon what principle of law this judgment can be sustained.

It has been assumed, that the complaint stated a cause of action on an express contract; but plain-

tiff has proven one so essentially different from the one alleged, that he could not recover on that cause of action, even if he had shown there was something due him thereunder.—9 Cyc. 750. "A plaintiff must recover according to the allegations of the complaint, if at all, and if the proof establishes a different case from that which he alleged, although a good one, he cannot recover."—*Soden v. Murphy*, 42 Colo. 352. Even if plaintiff had sued on the contract proven he could not recover anything on the proof in this record, for all that appears to be unpaid is the part of the proceeds of the second shipment of ore to which plaintiff and some of his assignors were entitled. There were more men than plaintiff and his assignors at work in the mine under the same contract, and the amount from this shipment coming to plaintiff and his assignors, does not appear. Nor does it appear that all of plaintiff's assignors were working in the mine at the time. Whatever the amount from the second shipment may be it would be insignificent when compared to the amount of the judgment.

It has been likewise assumed that the complaint also stated a cause of action on *quantum meruit*. Notwithstanding that there was an express contract relative to wages in which the greater part of the wages was dependent on a contingency that the evidence shows never happened; that all the work was done under this contract; that after the failure to divide the second shipment, the men who were then there knew of it, and continued to work under the contract, and received and accepted all subsequent benefits derived therefrom, and had received and accepted all benefits accruing to them under the contract before the second shipment, the court below took the view, that because defendants had failed to divide the proceeds of the second shipment according

to the contract, there was created a situation out of which arose the right of the plaintiff to recover the value of the services of himself and his assignors for the entire time each had worked. In other words, that because the defendants had failed to divide the proceeds of the second shipment among those who were then there, the plaintiff could recover for the ·entire time he and his assignors had worked at three dollars per day. The plaintiff is now here assuming that this is the law, and says that in as much as his complaint states a cause of action on a *quantum meruit* the judgment should be affirmed. He neither cites, nor attempts to cite any authority or precedent sustaining this view. When the amount of this judgment is compared with the proceeds of the second shipment, which was regarded as too insignificant for division, the penalty sought to be imposed by the court for this apparent violation of the contract appears unreasonably severe. The mere statement of this view taken by plaintiff is sufficient to condemn it. Therefore, for the foregoing reasons, the judgment will be reversed.        *Reversed.*

Chief Justice Steele and Mr. Justice Campbell concur.